IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:16-cv-01493-JDB |
| ANTHEM, INC. and CIGNA CORP., | |
| *Defendants*. | |

## ANTHEM, INC.'S ANSWER

Anthem, Inc. ("Anthem") responds to each Paragraph of the Complaint as follows:

## I.      INTRODUCTION

1.      Anthem, an insurance holding company, admits that it is proposing to acquire Cigna, another insurance holding company, valued at approximately $54.2 billion, a valuation based on the pre-announcement closing price of Anthem's common stock on the New York Stock Exchange on May 28, 2015.  Anthem denies the remaining allegations in Paragraph 1. Anthem avers that the acquisition will increase competition and result in cost savings, efficiencies, and other benefits that will make healthcare more affordable and accessible to consumers.  Indeed, the Complaint itself admits that Anthem today generally obtains lower rates from healthcare providers than Cigna does (Compl. ¶¶ 45, 50), and that the combined firm likely will be able to "reduce the rates" (Compl. ¶ 71) that healthcare providers charge to Anthem and Cigna customers.  The Complaint also admits that "[m]ost large employers buy self-insured plans" and that each such employer retains "the risk of its employees' healthcare costs" (Compl. ¶ 16), meaning that the lower rates obtained by the combined firm will automatically flow to consumers.

2.      Anthem admits that the U.S. healthcare system affects citizens and that Americans spend more than $3 trillion per year on healthcare.  But the Complaint admits facts demonstrating that the portion of the $3 trillion in U.S. healthcare spending represented by the combined revenues of Anthem and Cigna is only 3.9% (Compl. ¶¶ 2, 10, 11 ($116B / $3T = 3.9%)).  Anthem admits that it and Cigna (through their respective subsidiary companies), among many other competitors, offer health insurance to employers.  But the Complaint admits that the overlap between the two companies' operations is geographically limited, with Anthem today not operating as a Blue licensee outside its service areas in all or part of 14 States.  Compl. ¶ 36 ("the 36 non-Anthem states").  In the limited areas of overlap, there is ample competition from other competitors.  Anthem admits that millions of people purchase health insurance on public exchanges established by the Affordable Care Act.  But, with respect to the public exchanges, the Complaint admits that a significant majority of the enrollees in the only two States complained of is covered by other health insurers.  Compl. ¶ 56 (Colorado: combined firms cover "more than one-third of all enrollees on the exchange"); Compl. ¶ 58 (Missouri: "over 25 percent of all enrollees on the exchange" covered by combined firms).  Anthem further avers that, at a time when large insurers are withdrawing from public exchanges (Compl. ¶¶ 57, 59), its acquisition of Cigna will significantly increase consumers' access to the exchanges, with the combined firm entering into new territories in 9 States where the two firms are not currently participating.  Anthem lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2.

3.      Anthem admits that health insurance companies, including Anthem's and Cigna's respective subsidiaries, among many others, may at times compete to provide health insurance coverage to employers and individuals.  Anthem admits that employers seek competitive bids

when selecting plans to offer their employees.  Anthem admits that individuals can choose among insurers to purchase policies on public exchanges.  Anthem denies the remaining allegations in Paragraph 3.

4.      Anthem denies the allegations in Paragraph 4 and avers that Plaintiffs' selective quotation, offered without context, is misleading as framed.

5.      Anthem avers that Plaintiffs' Complaint speaks for itself and no response is required to the first two sentences in Paragraph 5.  Anthem denies the remaining allegations in Paragraph 5.

6.      Anthem admits that it is the largest member of the Blue Cross and Blue Shield Association and operates in all or part of 14 States as a Blue licensee.  Plaintiffs' selective quotation of language in certain Anthem documents, offered without context, is misleading as framed in the Complaint.  Anthem denies the remaining allegations in Paragraph 6.

7.      Anthem denies the allegations in the first sentence in Paragraph 7.  Anthem admits that Cigna (like many health insurers) offers attractive wellness programs, provides customer service, and works with doctors and hospitals, and that these efforts have been well received by some customers and some healthcare providers.  Anthem lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the fourth sentence in Paragraph 7.  Anthem denies the remaining allegations in Paragraph 7.

8.      Denied.

9.      Denied.

## II.      THE DEFENDANTS AND THE ACQUISITION

10.      Anthem admits that it offers commercial healthcare coverage in all or part of 14 States in which it has a license to the Blue Cross or Blue Shield trademarks.  Anthem admits that

it had operating revenue of approximately $78 billion in 2015.  Anthem denies the remaining allegations in Paragraph 10.

11.     Anthem admits that Cigna has represented that it had approximately $38 billion in revenue in 2015.  Anthem lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11.

12.     Anthem admits that it had discussions with Cigna in 2014 regarding a potential transaction.  Anthem avers that Plaintiffs' selective quotation of language in certain Anthem documents, offered without context, is misleading as framed in the Complaint.  Anthem lacks knowledge or information sufficient to form a belief about the truth of the statements in Paragraph 12 attributed to Cigna.  Anthem admits its board of directors, in February 2015, concluded not to pursue a transaction with Cigna at that time.  Anthem denies the remaining allegations in Paragraph 12.

13.     Anthem admits that, subsequent to February 2015, it engaged in discussions with Cigna regarding a potential transaction, and that Anthem made several offers for Cigna during 2015.  Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to offers made by other entities.  Anthem denies the remaining allegations in Paragraph 13.

14.     Anthem admits that the parties negotiated over a number of terms before entering into the final acquisition agreement.  Plaintiffs' selective quotation of certain statements by Cigna, offered without context, is misleading as framed in the Complaint, and is therefore denied.  Anthem admits that after entering into the acquisition agreement, Anthem and Cigna have continued to discuss certain issues, including integration.  Anthem denies the remaining allegations in Paragraph 14.

15.     Plaintiffs' selective quotation and paraphrasing of certain Anthem documents and the testimony of Anthem personnel, offered without context, is misleading as framed in the Complaint, and is therefore denied.  Anthem denies the remaining allegations in Paragraph 15.

### III.     BACKGROUND ON COMMERCIAL HEALTH INSURANCE

16.     Anthem admits that "group insurance" sold to employers with more than 100 employees may be referred to as "large group" insurance in some states, and "group insurance" sold to employers with more than 50 employees may be referred to as "large group" insurance in other states.  Anthem denies that there is a consensus industry definition of what constitutes a "national account."  The Complaint admits that most large employers buy self-insured plans and that each such employer retains the risk of its employees' healthcare costs, meaning that the lower rates of the combined firm will automatically flow to consumers.  Anthem admits that in self-insured plans, an employer will pay an insurer or other third-party administrator an administrative fee for services, such as processing medical claims.  Anthem admits that for many employers, health-benefit costs are a significant expense.   Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to employers' cost-shifting.  Anthem admits that it and Cigna, among others, also sell "individual" insurance. Anthem denies the remaining allegations in Paragraph 16.

17.     Anthem admits that there is competition in the health insurance industry on a host of dimensions, including, but not limited to, one or more of the following: price, customer service, care management, wellness programs, and reputation.   Anthem denies the remaining allegations in Paragraph 17.

18.     Anthem admits that healthcare providers have been and continue to be compensated on a "fee-for-service" basis.  Anthem admits that the "volume-to-value" shift is a

trend being adopted broadly in the industry and based on a managed care model promoted by the federal government.  Anthem admits that the "value-focused movement" is designed to give providers incentives to improve their patients' overall heath and perform more effective services. Anthem admits that these arrangements may be referred to as "provider collaborations" or "value-based arrangements," and industry participants "refer to this shift in approach as the 'volume-to-value' movement."  Anthem denies the remaining allegations in Paragraph 18.

## IV.   "NATIONAL ACCOUNTS" ALLEGATIONS

19.     Denied.

20.     Paragraph 20 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in Paragraph 20.

21.     Anthem admits that large customers, including "national accounts," commonly hire one or more consulting firms to assist them in assessing potential healthcare solutions and service providers.  Anthem admits that it has a business unit referred to as Anthem National Accounts, primarily limited to serving customers headquartered in the 14 Anthem Blue service areas.  Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to Cigna.  Anthem denies the remaining allegations in Paragraph 21.

22.     The 2010 version of the Horizontal Merger Guidelines speak for themselves.  The statements in Paragraph 22 relating to the hypothetical monopolist test are conclusions of law to which no response is required.  To the extent a response is required, Anthem denies these and all remaining allegations in Paragraph 22.

23.     Denied.

24.     Denied.

25.     The first sentence of Paragraph 25 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in the first sentence of Paragraph 25.  Anthem denies the remaining allegations in Paragraph 25.

26.     The first sentence of Paragraph 26 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in the first sentence of Paragraph 26.  Anthem admits that Anthem and Cigna compete and that there are 36 States and the District of Columbia in which Anthem does not have a Blue license.  Anthem denies the remaining allegations in Paragraph 26.

27.     Anthem avers that it cannot market, advertise, or actively sell health insurance under the Blue brand outside of Anthem's 14 service areas.  Occasionally, when a customer specifically asks to be serviced by Anthem using the Blue brand, and when the local Blue plan which has the exclusive license for the geography in which that customer is headquartered agrees, Anthem may be granted a cede that allows it to bid for the Blue-branded business of that customer.  Anthem admits the second sentence in Paragraph 27 and states that there are certain geographic areas where there may be more than one Blue licensee (e.g., in California, Anthem competes against Blue Shield of California).  Anthem admits that it has received hundreds of ceded accounts, but "cedes" from Blue plans represent no more than a single-digit share of Anthem's total customer base.  Anthem denies the remaining allegations in Paragraph 27.

28.     Anthem lacks knowledge or information sufficient to form a belief about the truth of the second sentence of Paragraph 28.  Anthem admits that it receives BlueCard fees when a member of another Blue plan receives medical services from a provider within Anthem's Blue network in Anthem's 14 service areas.  Anthem admits that it received $447.4 million in compensation for claims processing and other services associated with BlueCard in 2014, out of

Anthem's approximate $74 billion in total revenues in that year.  Anthem denies the remaining allegations in Paragraph 28.

29.    Paragraph 29 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in Paragraph 29.

30.    Paragraph 30 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in Paragraph 30.

31.    Anthem lacks knowledge or information sufficient to form a belief about the truth of the first and second sentences in Paragraph 31.  The third sentence of Paragraph 31 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations of the third sentence in Paragraph 31.

32.    Anthem avers that "'slice' insurers," which may include local insurers, compete with Anthem for "a national account's business."   Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations of the third and fourth sentences in Paragraph 32.  Anthem denies the remaining allegations in Paragraph 32.

33.    Denied.

34.    Anthem avers that Plaintiffs' selective characterization and quotations of language from unidentified documents, offered without context, is misleading as framed in the Complaint.  Anthem lacks sufficient knowledge and information to respond to the allegations in Paragraph 34 relating to Cigna.  Anthem denies the remaining allegations in Paragraph 34.

35.    Anthem admits that it has strategies designed to compete against numerous competitors, including at times Aetna and Cigna.  Plaintiffs' selective quotation of language in certain Anthem documents, offered without context, is misleading as framed in the Complaint,

and is therefore denied.   Anthem denies Plaintiffs' characterization in the third sentence of
Paragraph 35 of "Anthem's view," and denies the remaining allegations in Paragraph 35.

36.   Anthem avers that, in the "36 non-Anthem states," competition will not be
harmed.  Anthem denies the allegations in Paragraph 36.

37.   Denied.

## V.   "LARGE-GROUP EMPLOYERS" ALLEGATIONS

38.   Denied.

39.   The first sentence of Paragraph 39 is a conclusion of law to which no response is
required.  To the extent a response is required, Anthem denies the allegations in the first sentence
of Paragraph 39.   Anthem lacks knowledge or information sufficient to form a belief about the
truth of the allegations in Paragraph 39 as they relate to Cigna or other insurers.   Anthem denies
the remaining allegations in Paragraph 39.

40.   The first sentence of Paragraph 40 is a conclusion of law to which no response is
required.  To the extent a response is required, Anthem denies the allegations in the first sentence
of Paragraph 40.  Anthem denies the remaining allegations in Paragraph 40.

41.   Anthem denies the allegations in the first sentence of Paragraph 41.   Anthem
lacks knowledge or information sufficient to form a belief about the truth of the allegations
relating to the number of people living in the areas identified in Paragraph 41.   The third
sentence of Paragraph 41 is a conclusion of law to which no response is required.  To the extent a
response is required, Anthem denies the allegations of the third sentence in Paragraph 41.

42.   Anthem admits that patients may seek care based on a number of factors,
including location of services, and that "large group" employers may seek to provide access to

healthcare provider networks in the areas where their employees are located.  Anthem denies the remaining allegations in Paragraph 42.

43.    Paragraph 43 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in Paragraph 43.

44.    Anthem denies the allegations in the first sentence of Paragraph 44.  The second and fifth sentences of Paragraph 44 are conclusions of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in the second and fifth sentences of Paragraph 44.   Anthem lacks sufficient knowledge and information to respond to the allegations in Paragraph 44 relating to the quotes attributed to Cigna.   Anthem denies the remaining allegations in Paragraph 44.

45.    Anthem admits that in the 35 "metropolitan areas" identified by Plaintiffs, Anthem competes using its Blue brand, favorable provider reimbursement rates (which Anthem understands to be lower than some competitors), and other attributes.  Anthem lacks sufficient knowledge and information to respond to the allegations in Paragraph 45 relating to the quotes attributed to unknown Cigna customers.    Anthem denies the remaining allegations in Paragraph 45.

46.    Anthem denies that company documents frequently view Cigna as a close competitor in the 35 "metropolitan areas" identified by Plaintiffs and avers that Anthem does not view Cigna as a close competitor.  Plaintiffs' selective quotation of language in certain Anthem documents, offered without context, is misleading as framed in the Complaint, and is therefore denied.   Anthem denies the remaining allegations in Paragraph 46.

47.     Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, but to the extent that allegations in Paragraph 47 characterize Anthem's view, Anthem denies such allegations in Paragraph 47.

48.     Anthem admits that Cigna has attractive wellness programs, as do many other competitors.  Plaintiffs' selective quotation and paraphrasing of certain Anthem documents, offered without context, is misleading as framed in the Complaint, and are therefore denied. Anthem denies the remaining allegations in Paragraph 48.

49.     Anthem admits that Anthem, Cigna, and many other competitors have developed new products which can be used by "large groups."  Anthem admits that Cigna is one of many companies that offer a "level funded" product, but Anthem lacks knowledge or information sufficient to form a belief about the truth of the description of "level funded" products in the third sentence of Paragraph 49.   Plaintiffs' selective quotation of language in certain Anthem or unidentified Cigna documents, offered without context, is misleading as framed in the Complaint, and is therefore denied.  Anthem denies the remaining allegations in Paragraph 49.

50.     The Complaint admits that there is an overall "value-focused" movement, often referred to as "the 'volume-to-value' movement."  Compl. ¶ 18.  Plaintiffs' selective quotation in the second sentence of Paragraph 50 of language in an October 2012 Anthem document, offered without context, is misleading as framed in the Complaint, and is therefore denied.   Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to Cigna in the third and fourth sentences of Paragraph 50, but states that value-based arrangements are being pursued and implemented broadly in the health-insurance industry. Anthem denies the remaining allegations in Paragraph 50.

## VI.    PUBLIC EXCHANGES ALLEGATIONS

51.    Plaintiffs' selective quotation of Anthem and Cigna personnel, offered without context, is misleading as framed in the Complaint, and is therefore denied.    Anthem denies the remaining allegations in Paragraph 51.

52.    The first sentence of Paragraph 52 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in the first sentence of Paragraph 52.  Anthem admits the allegations of the second and third sentences of Paragraph 52.  Anthem admits that financial assistance is available to some families who purchase insurance through the public exchanges, and denies the remaining allegations in Paragraph 52.

53.    Anthem lacks sufficient knowledge and information to respond to the allegations in Paragraph 53 relating to Cigna and other insurers.  Anthem denies the remaining allegations in Paragraph 53.

54.    The first and second sentences of Paragraph 54 are conclusions of law to which no response is required.  To the extent a response is required, Anthem denies the allegations of the first and second sentences of Paragraph 54.  Anthem admits that publicly available reports have stated that many consumers, nationally, purchase health insurance on public exchanges qualify for premium subsidies.  Anthem denies the remaining allegations in Paragraph 54.

55.    Anthem denies the first and second sentences of Paragraph 55.  Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence relating to the amount of financial assistance calculated based on county plans.  The fourth sentence of Paragraph 55 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in the fourth sentence in Paragraph 55.  Anthem denies the remaining allegations in Paragraph 55.

56.     Anthem lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 56.

57.     The first sentence in Paragraph 57 is a conclusion of law to which no response is required.   To the extent a response is required, Anthem denies the allegations in Paragraph 57. Anthem lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57.

58.     Anthem lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 58.

59.     The first sentence in Paragraph 59 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in Paragraph 59. Anthem lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 59.

60.     Anthem admits that in every rating area in which it operates as a Blue licensee it competes on the public exchange.  Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third and fourth sentences in Paragraph 60. Anthem denies the remaining allegations in Paragraph 60.

61.     Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 regarding Cigna's operations in Colorado.  Anthem denies the remaining allegations in Paragraph 61.

62.     Plaintiffs' selective quotation of language in certain Anthem documents, offered without context, is misleading as framed in the Complaint, and is therefore denied.  Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations in

Paragraph 62 regarding Cigna's operations in Missouri. Anthem denies the remaining allegations in Paragraph 62.

63. Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 regarding Cigna. As to Anthem, Anthem avers that, in the absence of the acquisition, Anthem has no plans to grow its business on the public exchange outside its 14 service areas, and will have to reassess its participation in the public exchange in each rating area in which it is currently operating. Anthem denies the remaining allegations in Paragraph 63.

## VII.   MONOPSONY ALLEGATIONS

64. Anthem admits that Anthem and Cigna, among others, contract with hospitals, doctors, and other healthcare providers. Anthem avers that these contracts are usually non-exclusive and hospitals, doctors, and other healthcare providers typically contract with numerous health insurers. Anthem avers that the proposed merger will lead to lower reimbursement rates, which will lead, in turn, to savings for its customers and increased access to medical care. Anthem denies the remaining allegations in Paragraph 64.

65. Paragraph 65 is a conclusion of law to which no response is required. To the extent a response is required, Anthem denies the allegations in Paragraph 65.

66. Anthem admits that it employs staff responsible for provider contracting and relations. Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 regarding Cigna and other insurers. Anthem denies the remaining allegations in Paragraph 66.

67. The first sentence in Paragraph 67 is a conclusion of law to which no response is required. To the extent a response is required, Anthem denies the allegations in the first sentence

in Paragraph 67.   Anthem admits that "doctors, hospitals, and other healthcare providers" sell their services "to government programs such as Medicare Advantage, Medicare, or Medicaid." Compl. ¶ 67.   Anthem further admits that these "government programs generally reimburse providers at far lower rates than do commercial health insurers."  Compl. ¶ 67.  Anthem denies the remaining allegations in Paragraph 67.

68.     The first sentence in Paragraph 68 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in the first sentence in Paragraph 68.   Anthem admits that patients may seek care based on a number of factors, including location of services.  Anthem denies the remaining allegations in Paragraph 68.

69.     Denied.

70.     Anthem avers that it has successfully bargained for favorable rates from healthcare providers, which has led to savings for its customers.  Plaintiffs' selective quotation of language in certain Anthem documents, offered without context, is misleading as framed in the Complaint, and therefore is denied.  Anthem denies the remaining allegations in Paragraph 70.

71.     Anthem avers that the acquisition will result in lower medical costs and increased access to medical care for consumers through a variety of efficiencies, including more effective bargaining and enhanced incentives for providers.  Self-insured customers will directly benefit from these lower medical costs because they assume all of the risk for their employees.  Fully insured customers will benefit from lower medical costs as a result of a number of mechanisms, including but not limited to the Affordable Care Act Medical Loss Ratio, which requires 80-85% of premium dollars to be spent on medical care.   Anthem denies the remaining allegations in Paragraph 71.

72.     Denied.

73.    Denied.

74.    Denied.

75.    Anthem avers that it intends to lower medical costs and increase access to medical care for consumers by *inter alia* using the lower of Anthem's or Cigna's provider costs.  Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 regarding the statements of Cigna's executive.  Plaintiffs' selective quotation and misquotation of language in certain Anthem documents, offered without context, is misleading as framed in the Complaint, and therefore is denied.  Anthem denies the remaining allegations in Paragraph 75.

## VIII.   COUNTERVAILING FACTORS

76.    Denied.

77.    Denied.  The proposed acquisition will create significant efficiencies, including reduced provider costs, which will directly benefit customers by lowering their costs and making healthcare more affordable.

## IX.    REMEDIES

78.    Paragraph 78 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in Paragraph 78.

## X.    VIOLATIONS ALLEGED

79.    Anthem admits subject-matter jurisdiction alleged in Paragraph 79, but Anthem denies any violation of Section 7 of the Clayton Act.

80.    Paragraph 80 is a conclusion of law to which no response is required.  To the extent a response is required, Anthem denies the allegations in Paragraph 80.

81.     Anthem admits its activities affect interstate commerce.  Anthem admits that it sells commercial health insurance to employers with employees located in different states, and that insurance may cover enrollees when they travel across state lines.  Anthem further admits that it purchases healthcare services in different states.  Anthem lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 as they relate to Cigna.  Anthem denies the remaining allegations in Paragraph 81.

82.     Anthem admits that this Court has personal jurisdiction over Anthem, and denies the remaining allegations in Paragraph 82 as they relate to Anthem.

83.     Paragraph 83 is a conclusion of law to which no response is required.

84.     Denied.   Anthem avers that blocking the acquisition of Cigna would cause American consumers to lose billions of dollars in potential savings and reduce their future access to affordable healthcare.

85.     Denied.

## XI.     REQUEST FOR RELIEF

86.     Anthem denies that any of the requested relief is permitted or appropriate.

## XII.     DEFENSES / AFFIRMATIVE DEFENSES

Anthem asserts the following defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs:

## FIRST DEFENSE / AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE / AFFIRMATIVE DEFENSE

The pricing and other aspects of the sale of insurance are regulated and overseen by federal and state laws and regulatory bodies, including, but not limited to, the Affordable Care

Act and state filed rate regimes.  These regulatory conditions ensure that competition will not be substantially lessened but will remain robust post-acquisition.

### THIRD DEFENSE / AFFIRMATIVE DEFENSE

Granting the relief sought is contrary to the public interest.

### FOURTH DEFENSE / AFFIRMATIVE DEFENSE

The proposed acquisition is procompetitive.  The acquisition will result in substantial efficiencies and other procompetitive effects that will directly benefit consumers in greater access to affordable healthcare.  These benefits outweigh any alleged anticompetitive effects.

### FIFTH DEFENSE / AFFIRMATIVE DEFENSE

The Complaint fails to adequately allege any relevant product markets or relevant geographic markets.

### SIXTH DEFENSE / AFFIRMATIVE DEFENSE

New and rapid entry, as well as expansion, by competitors will ensure that there will be no harm to competition, consumers, or consumer welfare.

### SEVENTH DEFENSE / AFFIRMATIVE DEFENSE

Anthem reserves the right to assert any other defenses as they become known to Anthem.

***

WHEREFORE, Defendant Anthem, Inc. respectfully requests that this Court deny the Plaintiffs' requested relief, dismiss this action with prejudice, and grant such other and further relief as may be proper and just.

Dated: July 26, 2016
       Washington, D.C.

Respectfully submitted,

 /s/ Christopher M. Curran
Christopher M. Curran (D.C. Bar No. 408561)
J. Mark Gidley (D.C. Bar No. 417280)
**WHITE & CASE**LLP
701 Thirteenth Street, NW
Washington, DC  20005
Tel:  +1 202 626 3600
Fax:  +1 202 639 9355
ccurran@whitecase.com
mgidley@whitecase.com

*Counsel for Anthem, Inc.*