**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> ANTHEM, INC. and CIGNA CORP., <br><br> *Defendants*. | Case No. 1:16-cv-01493 (JDB) |

**PLAINTIFFS' RESPONSE TO ANTHEM'S**
**MOTION FOR EXPEDITED STATUS CONFERENCE**

The United States and the Plaintiff States do not object to the Court holding a status conference whenever it deems appropriate to discuss this case, which challenges Anthem's proposed $54 billion acquisition of Cigna. Because the related case challenging Aetna's $37 billion acquisition of Humana involves common scheduling and discovery issues, the Court may find it convenient to schedule a single, joint status conference for both of these cases.[1]

It is premature, however, to schedule a trial date in this case. This case was filed last week. Anthem has filed its Answer, but Cigna has not. The parties are still in the process of negotiating a protective order, drafting proposed Case Management Orders, and scheduling a Rule 26(f) conference. Any scheduling disputes should be raised with the Court only after the parties have finished conferring.

Plaintiffs also object to the expedited trial date requested by Anthem. This case challenges the largest merger ever proposed in the health-insurance industry. The Complaint

---

[1] Indeed, the defendants in the *Aetna* case filed a Motion for an Expedited Status Conference suggesting the same joint conference. Dkt. 10, *United States, et al. v. Aetna, Inc. and Humana, Inc.*, No. 1:16-cv-01494-JDB.

alleges harm across the country, in over 90 different markets.  Anthem is asking for a trial in October, on roughly the same schedule as *Federal Trade Commission v. Arch Coal, Inc.*, 329 F. Supp.2d 109 (D.D.C. 2004).  But that case challenged the purchase of two coal mines, in one product and geographic market.  *Id.* at 114, 123.  This case is not *Arch Coal.*  A more comparable and recent precedent from this district is AT&T, Inc.'s proposed $39 billion acquisition of T-Mobile USA, Inc. in 2011.  The Complaint in that case, like this one, alleged harm both in a national market and in over 90 different local markets across the country.[2]  Trial was scheduled 166 days after the filing of the Complaint, equating to a January 3, 2017 trial date here.

But more time is needed in this case because it is even larger and more complex than *AT&T*.  And Anthem intends to litigate every significant issue.  Its Answer lists seven affirmative defenses, including reserving "the right to assert any other defenses as they become known to Anthem."  (Dkt. 15 at 18).  Time should be reserved for the Court to hear any motions that Anthem may file.  (Dkt. 15 at 17–18) (asserting, among other things, that the Complaint "fails to state a claim upon which relief can be granted" and "fails to adequately allege any relevant product markets or relevant geographic markets").  Anthem has also refused to rule out the possibility that it will offer a proposed remedy to the anticompetitive effects of this merger.

Anthem argues it needs a faster trial because of "deadlines" in its merger agreement and the need to obtain approval from certain state insurance commissions.  (Dkt. 12).  Indeed, on April 30, 2017, Cigna will have the option to terminate the agreement if the merger is not yet consummated.  And some of the state commissions reviewing this transaction suspended their reviews after this case was filed.  But this Court's review should not be compromised by either

---

[2] *United States v. AT&T, Inc.*, *et al.*, No. 1:11-cv-01560-ESH (D.D.C., filed Aug. 31, 2011), *available at* https://www.justice.gov/atr/case-document/file/487776/download.

separate regulatory proceedings or option dates in the parties' merger agreement. Anthem and Cigna set the April 30 date, and they are free to extend it.

Plaintiffs are working to move this case expeditiously. This matter should not be rushed to trial. At the appropriate time, a trial date should be set that allows both parties a full opportunity to develop the factual record needed for this Court to make an informed decision.

Date:   July 28, 2016                                          Respectfully submitted,

  /s/ Paula Lauren Gibson                                       /s/ Jon B. Jacobs
Paula Lauren Gibson                                          Jon B. Jacobs (D.C. Bar No. 412249)
Deputy Attorney General                                      Scott I. Fitzgerald
Office of the Attorney General of California                 U.S. Department of Justice, Antitrust Division
300 South Spring Street, Suite 1702                          450 Fifth Street, NW, Suite 4100
Los Angeles, CA 90013                                        Washington, DC 20530
Phone: (213) 897-0014                                        Phone: (202) 598-8916
Facsimile: (213) 897-2801                                    Facsimile: (202) 307-5802
E-mail: paula.gibson@doj.ca.gov                              E-mail: jon.jacobs@usdoj.gov

  /s/ Rachel O. Davis                                         *Attorneys for United States of America*
Rachel O. Davis
Assistant Attorney General
Office of the Attorney General of Connecticut
55 Elm Street
PO Box 120
Hartford, CT 06106
Phone: (860) 808-5041
Facsimile: (860) 808-5033
E-mail: rachel.davis@ct.gov

*Attorneys for States of California and Connecticut*
*And on behalf of all Plaintiff States*

– 4 –

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2016, I caused a true and correct copy of the foregoing to be served upon the parties of record via the Court's CM/ECF system.

    /s/ Jon B. Jacobs
Jon B. Jacobs (D.C. Bar No. 412249)
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4100
Washington, DC 20530
Phone: (202) 598-8916
Facsimile: (202) 307-5802
E-mail: jon.jacobs@usdoj.gov

*Attorney for United States of America*