## DECLARATION OF JARED R. DANILSON

I, Jared R. Danilson, declare as follows:

1. I am a partner at White & Case LLP, and for the last year I have been working on behalf of Anthem in connection with Anthem's pending merger with Cigna.  One of my principal roles (together with local counsel) has been to assist Anthem in securing approvals of the merger from certain state insurance regulatory bodies.  This is a critical task because, under the terms of the July 23, 2015 merger agreement between the parties (the "Merger Agreement"), the transaction cannot close unless all necessary regulatory approvals are secured, and by April 30, 2017 at the latest.  Attached hereto as Exhibit A is a true and correct copy of the Merger Agreement.  The Merger Agreement sets a closing deadline of January 31, 2017, but allows either party to exercise a conditional right to extend the termination date to April 30, 2017 if needed to secure any required remaining regulatory approvals.

2. Insurance regulatory work is one of my areas of expertise.  I have focused in this area for approximately 10 years, and during that time I have been involved in dozens of mergers which require approvals from state regulators.

3. Below, I describe (i) the state regulatory requirements for a transaction of this type, (ii) Anthem's vigorous efforts to secure regulatory approvals, and (iii) the remaining time needed to complete the process in the states that have not yet issued approvals.  In short, while Anthem has secured approval in 12 of the 26 states where approval is required, 14 states have yet to issue a decision on Anthem's application.  None of the applicable state insurance regulators has denied approval of the Anthem-Cigna merger, although Virginia

has recommended that Anthem propose certain "conduct remedies" in the areas of premiums, networks and quality. Of the 14 remaining states, 5 states — Connecticut, Colorado, Georgia, Missouri, and New Hampshire — require a public hearing preceded by statutory notice periods, before rendering a decision.

4. Below I discuss the process in those 5 states because they are the states which will take the longest amount of time to approve the Anthem-Cigna merger. Additionally, 4 of those 5 states — Colorado, Connecticut, Georgia, and New Hampshire — have publicly or privately indicated that they have suspended or will suspend their review process of the Anthem-Cigna merger until judicial resolution of the federal lawsuit.

5. Once the state insurance authorities in Connecticut, Colorado, Georgia and New Hampshire restart their review process, I believe 120 days will be needed for those states to complete their review — the time being driven largely by statutory requirements for public hearings.

6. Thus, the state insurance regulators must re-start their review no later than January 1, 2017 so that Anthem can obtain the remaining approvals by the April 30, 2017 deadline.

7. While Anthem is (and will) make every effort to urge the states to continue their review in parallel with the federal lawsuit, I believe this effort is extremely unlikely to succeed where a state has already expressly suspended consideration pending litigation as Connecticut, Colorado, Georgia, and New Hampshire have done here.

**A.   State Insurance Department Approvals**

8.   The business of insurance is heavily regulated by state insurance departments.   Any company that desires to acquire control of a U.S. insurance holding company is required to seek state regulatory approval in those states where the company being acquired has insurance company or health maintenance organization subsidiaries domiciled.   The acquiring company must file a change of control statement, known as a Form A, with each domiciliary regulator.   The regulator must approve the Form A filing before the transaction can be completed.   Some state regulations also require public hearings preceded by notice periods.   Although the requirements for approval vary to a certain degree state-to-state, generally the state regulator will evaluate factors such as (i) the terms of the transaction including its financing, (ii) the financial condition of the acquirer, (iii) the competence and experience of the acquirer's management, (iv) the acquirer's future plans for the domestic insurance company, and (v) the prejudicial effect, if any, to the insurance-buying public.   In addition, one of the main criteria to grant approval is a finding that the contemplated transaction will not substantially lessen competition in any line of insurance in the state or tend to create a monopoly therein.   Detailed filings, data and analysis are required for the state insurance regulator to fully examine the competition standard.

**B.   Anthem's Efforts to Secure State Regulatory Approval**

9.   For the Anthem-Cigna merger, we determined that approval was required in the following 24 states where Cigna has insurance company or health maintenance organization subsidiaries domiciled: Alabama, Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Kentucky, Maryland,

Missouri, Montana, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, and Virginia.  In addition, stand-alone competitive impact filings, known as a Form E, were made in two additional states, Nevada and Wisconsin.

10. As the acquiring party, Anthem has led the effort to secure approvals on behalf of both itself and Cigna.

11. As of today, Anthem has secured approval in the following 12 states: Alabama, Florida, Indiana, Kentucky, Maryland, Montana, Nevada, New Jersey, North Carolina, South Carolina, Tennessee, and Wisconsin.  Four of these states (Indiana, Kentucky, Nevada and Wisconsin) are within the 14 states where Anthem sells under the Blue License.

12. As of today, Anthem's applications for state regulatory approvals of the Anthem-Cigna transaction remain outstanding in the following 14 states:  Arizona, California, Colorado, Connecticut, Delaware, Georgia, Illinois, Missouri, New Hampshire, New York, Ohio, Pennsylvania, Texas, and Virginia.

**C.  The Time Necessary to Complete the Approval Process in the Remaining States**

13. As noted, states that require public hearings typically have the longest time frames for resolution.  For example, Connecticut and Indiana typically require six months to complete their Form A review, hearing and approval process.  By contrast, Florida does not have a public hearing requirement and typically requires only three months to complete its Form A review and approval process.

14. Of the 14 outstanding states, 5 require such hearings: Colorado, Connecticut, Georgia, Missouri, and New Hampshire.

15. In these public hearing states, the first step is for the regulator to deem Anthem's Form A submission complete. Once the Form A filing is deemed complete, the timeline from that point to public hearing and decision is typically 60 to 120 days in a non-politicized environment. Although it is hard to predict with certainty how long any of the state insurance departments will ultimately take to render their approvals, I believe that we can obtain the remaining approvals within 120 days following judicial resolution of the litigation.

16. I set forth below the situation in the 5 remaining states with public hearing requirements.

**Connecticut**

17. Attached hereto as Exhibit B, is a true and correct copy of the Declaration of Kathleen D. Monnes, dated Aug. 1, 2016. Ms. Monnes is local counsel who has been working on behalf of Anthem to obtain approval of the merger from the Connecticut Insurance Department (the "Connecticut Department").

18. The Connecticut Department is the lead regulator in the multi-state review process for the Anthem-Cigna transaction. A multi-state review occurs when multiple state insurance departments are involved in the review of a transaction. It is customary for the lead regulator to be the last-in-line in terms of a public hearing and issuance of approval for large multi-state transactions.

19. Anthem filed its Form A materials with the Connecticut Department on September 22, 2015, shortly after the Merger Agreement was signed. This was followed up with the filing of a detailed Form E competitive impact filing on December 3, 2015.

20. Pursuant to Conn. Gen. Stat. § 38a-132(b)(1), the public hearing in Connecticut is required to be held not later than 30 days after the Form A statement is "filed" with the Commissioner.   "Filed" is interpreted by Connecticut to mean that the Form A application is complete, including analysis by the Connecticut Department and adequate responses to all follow-up questions from the Connecticut Department.   In my experience, despite this statutory language, I do not recall ever having a public hearing in any state scheduled or held within 30 days of the initial filing of a Form A statement – it is longer, often much longer, than 30 days after the filing date.

21. The Commissioner of the Connecticut Department is required to render a decision within 30 days after the conclusion of the public hearing.

22. Local counsel and I have had in-person and telephonic meetings with the Connecticut Department to discuss the regulatory filings, the competitive impact and the data that they require for their analysis.   In the Fall of 2015, the Connecticut Department clearly stated that they would not deem the Connecticut filing complete until the federal antitrust process is resolved.

23. The Connecticut Department also has stated that it intends to request competitive data from the insurance industry in Connecticut to complete their (and their economist's) analysis.   Such request for data has yet to occur, and based upon the suspension of the Connecticut Department's review, may be unlikely to occur until after resolution of the Antitrust Division action.   It is difficult to predict how long it will take the Connecticut Department to gather this data and complete its review, but it is reasonable to assume it

will take 90 days if the industry in Connecticut is diligent in responding to the Department's request.

24. Upon the filing of the Antitrust Division complaint against the Anthem-Cigna merger on July 21, 2016, the Connecticut Department "immediately suspended its review of Anthem's Form A application."  Attached hereto as Exhibit C is a true and correct copy of the Connecticut Insurance Department Press Release, dated July 21, 2016 available at http://www.ct.gov/ConnecticutDepartment/cwp/view.asp?Q=583030&A=1269.

25. Additionally, on July 27, 2016, the Connecticut Department emailed Ms. Monnes and indicated that "Connecticut has suspended its formal review of the application regarding the Anthem/CIGNA transaction" because "resolution of the pending antitrust lawsuit brought by the federal government and state Attorneys General has the potential to materially change the facts and disclosures set forth in the Anthem Form A."  Attached hereto as Exhibit D is a true and correct copy of an email from Kathy Belfi of the Connecticut Department to Kathleen Monnes and others, dated July 27, 2016.

26. Based on the foregoing and my experience, I would estimate that it will take the Connecticut Department at least 90 days to finish its review and analysis before a public hearing is held.  Assuming the Connecticut Department renders a decision within 30 days of the public hearing, I expect that we can receive regulatory approval of the merger from the Connecticut Department within 120 days following judicial resolution of the federal litigation.

**Colorado**

27. Attached hereto as Exhibit E, is a true and correct copy of the Declaration of Joel A. Glover, dated Aug. 1, 2016.  Mr. Glover is local counsel who has been working on behalf of Anthem to obtain approval of the merger from the Colorado Division of Insurance (the "Colorado Division").

28. Anthem submitted its Form A with the Colorado Division on November 24, 2015.

29. Pursuant to Co. Rev. Stat. § 10-3-803(8)(c), any public hearing must be held within 30 days after the Form A statement is "filed."  Again, "filed" here is interpreted by the Colorado Division to mean deemed complete.  The Colorado Insurance Commissioner is required to give the applicant at least 20 days' and the public at least 7 days' notice of the public hearing.  The Commissioner shall make a determination within 30 days after the conclusion of the public hearing.

30. Pursuant to Co. Rev. Stat. § 10-3-803(8)(d), written public comment to respond to the applicant's testimony at the public hearing must be submitted within 10 business days following the public hearing.  Thus, the record is to be held open for at least 10 business days after the public hearing.

31. Co. Rev. Stat. § 10-3-803(6)(b) contains a unique requirement for the Colorado Division to conduct an independent investigation of the competitive impact of the proposed transaction and to review "any information from . . . any . . . federal agency related to the applicant."  The Colorado Division has stated that they interpret this requirement to

include any final federal antitrust determination about the transaction, including a court decision.

32. Local counsel and I have had in-person and telephonic meetings with the Colorado Division to discuss Anthem's Form A filing in that state.

33. Upon the filing of the Antitrust Division complaint against the Anthem-Cigna merger on July 21, 2016, the Colorado Insurance Commissioner announced that the Colorado Division is postponing its review in light of the action, "[t]he division will now monitor the situation, because we can't move forward until the lawsuit is resolved." Attached hereto as Exhibit F is a true and correct copy of an article entitled "Colorado insurance chief postpones action on Anthem-Cigna merger in light of federal suits," Denver Business Journal, dated July 21, 2016 available at http://www.bizjournals.com/denver/blog/capitol_business/2016/07/colorado-insurance-chief-postpones-action-on.html.

34. Further, the Colorado Division "instructed the companies to hold off on filing [the Form E and competitive impact analysis] until the feds made a decision." Exhibit F.

35. Although it is difficult to predict how long it will take the Colorado Division to complete their review once they re-start it, based on the foregoing and my experience, I would anticipate that the public hearing in Colorado is unlikely to occur before 90 days following a court decision in the federal action. Assuming the Colorado Division renders a decision within 30 days of the public hearing, I believe we can obtain regulatory approval of the Anthem-Cigna merger within 120 days following judicial resolution of the federal litigation.

**Georgia**

36. Attached hereto as Exhibit G, is a true and correct copy of the Declaration of Julie March Pomerantz, dated Aug. 1, 2016.  Ms. Pomerantz is local counsel who has been working on behalf of Anthem to obtain approval of the merger from the Georgia Office of Insurance and Fire Safety Commissioner (the "Georgia Department").

37. Anthem promptly submitted its Form A with the Georgia Department on September 3, 2015.  This was followed up with the filing of a Form E on December 7, 2015.

38. Pursuant to Ga. Code Ann. § 33-13-3(d)(2), any public hearing must be held within 30 days after the Form A statement is "filed."   Again, "filed" here is interpreted by the Georgia Department to mean complete.  The Georgia Commissioner is required to give the applicant at least 20 days' and the public at least 7 days' notice of the public hearing. The Georgia Department has stated that it will provide 30 days' notice for the Anthem-Cigna hearing, given the complex and political nature of the transaction.  The Georgia Commissioner shall make a determination "within the 60 day period preceding the effective date of the proposed transaction."

39. Local counsel and I have had in-person and telephonic meetings and discussions with the Georgia Department in connection with Anthem's Form A filing in Georgia.

40. The Aetna-Humana hearing was scheduled to take place in Georgia on Tuesday, July 26, 2016.  As a result of the Antitrust Division's action to file its antitrust challenge against that merger on July 21, 2016, the Georgia Department "postponed the July 26, 2016 hearing."  Attached hereto as Exhibit H is true and correct copy of a page of the Georgia

Department   website,   last   visited   on   July   31,   2016   and   available   at
https://www.oci.ga.gov/.

41. Similarly, Georgia's public hearing on the Anthem-Cigna merger was tentatively to be
scheduled for later in the month of August 2016.  However, my understanding from my
discussions with local counsel is that the Georgia Department (and its outside counsel) is
currently unwilling to notice the hearing until the federal case is resolved.

42. Based on the foregoing and my experience, I would anticipate that the public hearing in
Georgia will not occur before 60 days following a court determination in the federal
antitrust case.  Assuming the Georgia Department renders a decision within 30 days of
the public hearing, it is unlikely that we would receive approval from the Georgia
Department before 90 days following judicial resolution of the federal case.  It is more
likely that approval from the Georgia Department would take even longer than 90 days,
but with considerable effort and diligence, I believe we can obtain approval of the merger
within 120 days following any federal court decision.

**New Hampshire**

43. Attached hereto as Exhibit I, is a true and correct copy of the Declaration of Steven J.
Lauwers, dated Aug. 1, 2016.  Mr. Lauwers is local counsel who has been working on
behalf of Anthem to obtain approval of the merger from the New Hampshire Department
of Insurance (the "New Hampshire Department").

44. Anthem promptly submitted its Form A with the New Hampshire Department on September 2, 2015.  This was followed up with the filing of a Form E on December 11, 2015.

45. Pursuant to NH Rev. Stat. § 401-B:3.VI(b), a public hearing must be held within 30 days after the Form A statement is "filed."   Again, "filed" here is interpreted by the New Hampshire Department to mean complete.   The New Hampshire Commissioner is required to give the applicant at least 20 days' and the public at least 7 days' notice of the public hearing.  The New Hampshire Commissioner shall make a determination "within the 60 day period preceding the effective date of the proposed transaction."

46. Local counsel and I have had in-person and telephonic meetings and discussions with the New Hampshire Department in connection with Anthem's Form A filing in New Hampshire.  The New Hampshire Department has clearly stated that they would not deem Anthem's Form A or Form E filing complete until the federal antitrust process is resolved.

47. The New Hampshire Department sent the parties a draft Process and Timing Agreement on December 16, 2015, which sets forth that the review period would not commence until the federal antitrust process has concluded.  Attached hereto as Exhibit J is a true and correct copy of the December 16, 2015 draft Process and Timing Agreement.  Although the parties did not enter into such agreement with the New Hampshire Department, it underscores their perspective that the Form A filing in New Hampshire is not deemed complete until the federal litigation has concluded.

48. Based on the New Hampshire Department's comments that they may want to consider facts addressed by the federal court and based on my experience, it is unlikely that the New Hampshire Department will consider Anthem's application "complete" until 30 days after a court decision in the federal case.  Therefore, the public hearing in New Hampshire is unlikely to occur until at least 60 days following a court determination in the federal lawsuit. Assuming the New Hampshire Department renders a decision within 30 days of the public hearing, we would not expect to receive approval from the New Hampshire Department until at least 90 days following judicial resolution of the federal antitrust litigation.  I believe we can obtain regulatory approval of the merger from the New Hampshire Department within 90-120 days following the court decision in the federal lawsuit.

**Missouri**

49. Attached hereto as Exhibit K, is a true and correct copy of the Declaration of Richard B. Walsh, Jr., dated Aug. 1, 2016.  Mr. Walsh is local counsel who has been working on behalf of Anthem to obtain approval of the merger from the Missouri Department of Insurance, Financial Institutions and Professional Registration, Division of Insurance Company Regulation (the "Missouri Department").

50. Anthem promptly submitted its Form A with the Missouri Department on September 2, 2015.  This was followed up with the filing of a Form E on November 13, 2015.

51. Pursuant to Mo. Rev. Stat. § 382.060.3, the public hearing must be held within 30 days after the Form A statement is "filed."  Again, "filed" here is interpreted by the Missouri Department to mean complete.  The Missouri Director is required to give the applicant at

least 20 days' and the public at least 7 days' notice of the public hearing. However, the Missouri hearing examiner assigned to the Anthem/Cigna review has stated we must give at least 20 days' notice of the hearing to the public. The Missouri Director shall make a determination within 30 days after the conclusion of the hearing.

52. Local counsel and I have had in-person and telephonic meetings and discussions with the Missouri Department in connection with Anthem's Form A filing in Missouri.

53. The Missouri Form A filing is currently in a holding pattern pending further discussion with the Missouri Department's counsel due to the filing of the Antitrust Division complaint against the Anthem-Cigna merger on July 21, 2016.

54. Based on the foregoing and my experience, I do not anticipate that the public hearing in Missouri will occur prior to 45-60 days following a court determination in the federal action. Assuming the Missouri Department renders a decision within 30 days of the public hearing, I would not expect approval from the Missouri Department until at least 90 days following judicial resolution of the federal lawsuit. I believe we can obtain regulatory approval from the Missouri Department within 120 days following a decision in the federal lawsuit.

**Remaining Nine States**

55.  For those states that do not require a public hearing as part of their regulatory process, I expect that with considerable effort and diligence, we can secure any remaining approvals within 120 days following a Court decision in the federal litigation. Anthem will continue its efforts to expedite the review procedure in these nine states, but it is

unlikely that the process in many of these nine states will move forward while the federal

lawsuit is pending.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on August 2, 2016

Jared R. Danilson
Partner, White & Case LLP