# Exhibit B

**DAY PITNEY** LLP

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   WASHINGTON, DC

## DECLARATION OF KATHLEEN D. MONNES

I, Kathleen D. Monnes, declare as follows:

1. I am a Partner at the law firm of Day Pitney LLP, located in Hartford, Connecticut. I am admitted to practice in Connecticut. I am a member in good standing of the bar of the State of Connecticut, having been admitted in 1992. Insurance regulatory work is one of my areas of expertise, and I have focused in this area throughout my career. I have been involved in numerous acquisitions of control proceedings of the sort I discuss herein. At least one of those proceedings resulted in an appeal to the Superior Court of the State of Connecticut.

2. I have been working on behalf of Anthem for the last several months in connection with Anthem's pending merger with Cigna. As local counsel for Anthem, one of my principal roles has been to assist Anthem in its application for approval of the merger from the Connecticut Insurance Department (the "Connecticut Department").

3. To obtain state regulatory approval of a merger or acquisition of an insurance company, the acquiring company must file a change of control statement (known as a "Form A"), with the Connecticut Department. The Connecticut Insurance Commissioner must approve the Form A filing before the transaction can be completed. In my experience, the Connecticut Department will evaluate factors such as (i) ability to satisfy the requirements for licensure, (ii) lessening of competition, (iii) weakness in the financial condition of the acquirer, (iv) plans to sell assets, (v) competence and integrity of

management, and (vi) hazards to the insurance buying public. Conn. Gen. Stat. § 38a-132(a). One of the main criteria that the Connecticut Department focuses on is a finding that the "effect of the merger or other acquisition of control would [not] be to substantially lessen competition of insurance in this state or tend to create a monopoly herein." Conn. Gen. Stat. § 38a-132(a)(2)(A).

4. Connecticut state law also requires a public hearing preceded by notice prior to approval. Conn. Gen. Stat. §§ 38a-130(d), 38a-132; Conn. Admin. Code § 38a-138-6(a). Pursuant to Conn. Gen. Stat. § 38a-132(b)(1), the public hearing in Connecticut is required to be held not later than 30 days after the Form A statement is filed with the Connecticut Department. "Filed" is interpreted to mean that the Form A application is deemed to be complete by the Connecticut Department. Conn. Admin. Code §§ 38a-8-24(c); 38a-138-6(a).

5. The Connecticut Insurance Commissioner is required to render a decision within 30 days after the conclusion of the public hearing. Conn. Gen. Stat. §§ 38a-130(d), 38a-132(b)(4). The Connecticut Department will often hold open a public hearing for a few days in order to allow any additional public comment to be made. The Connecticut Department often takes the full 30 days to issue any decision.

6. The Connecticut Department is the lead regulator in the multi-state review process for the Anthem-Cigna transaction. In my experience, the lead regulator is usually the last-in-line in terms of a public hearing and issuance of approval for large multi-state transactions.

7. On September 22, 2015, Anthem filed its Form A materials with the Connecticut Department. This was followed by the filing of a detailed competitive impact filing, or a Form E, on December 3, 2015.

8. I have had numerous conferences with the Connecticut Department to discuss the regulatory filings, the competitive impact and the data the Connecticut Department and its outside economist require for their analysis.

9. As early as the Fall of 2015, the Connecticut Department clearly stated that they would not deem the Form A filing complete until the federal antitrust process is resolved. They have consistently maintained that position up to the suspension of work on July 21, 2016 (as discussed in Paragraph 10 below).

10. On July 21, 2016, the Connecticut Department issued a press release which stated that it would "immediately suspended its review of Anthem's Form A application" following the filing of the Antitrust Division complaint against the Anthem/Cigna merger. This press release is posted on the Connecticut Department website at http://www.ct.gov/cid/cwp/view.asp?Q=583030&A=1269.

11. The Connecticut Department also has stated that it intends to request competitive data from the insurance industry in Connecticut to complete their (and their economist's) analysis. Such a data request has yet to occur, and based upon the suspension of the Connecticut Department's review, may be unlikely to occur until after resolution of the Antitrust Division action. It is difficult to predict how long it could take for the Connecticut Department to gather the requested data and complete its review and analysis, but it would not be unreasonable to expect the process to take at least 90 days.

12. In telephone conferences with members of the Department, I and other counsel have urged the Connecticut Department staff to continue their review in parallel with any federal antitrust review.

13. Until its analysis is complete, it is highly unlikely that the Connecticut Department will deem Anthem's application/filing complete. The Connecticut Department interprets Connecticut law and regulation to give the Insurance Commissioner discretion in determining whether an application is complete. *See* Conn. Admin. Code §§ 38a-8-24(c); 38a-138-6.

14. As I note above, it is difficult to predict how long it could take for the Connecticut Department to gather the requested data and complete its analysis once it re-starts its review process following a court decision in the federal lawsuit. It is reasonable to assume that the Connecticut Department will take at least 90 days to finish its analysis before it holds a public hearing. Given this and assuming the Connecticut Department renders a decision within 30 days of the public hearing, I believe that with considerable effort and diligence, we can obtain regulatory approval of the merger from the Connecticut Department within 120 days following judicial resolution of the federal litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2016

*Kathleen D. Monnes*
Kathleen D. Monnes
Day Pitney LLP

4