# Exhibit E



Lewis Roca Rothgerber Christie LLP
1200 Seventeenth Street
Suite 3000
Denver, CO 80202

303.623.9000 main
303.623.9222 fax
lrrc.com

**Joel A. Glover**
303.628.9553 direct
303.623.9222 fax
JGlover@LRRLaw.com

# DECLARATION OF JOEL A. GLOVER

I, Joel A. Glover, declare as follows:

1. I am a Partner at the law firm Lewis Roca Rothgerber Christie, LLP, located in the firm's Denver, Colorado office. I am admitted to practice law in Colorado and Wyoming, and my practice generally focuses on commercial litigation, transactional and regulatory work for insurance entities. I have been practicing law for 25 years, and I have included insurance regulatory work in my practice for all of those 25 years. Over the course of my career as a practicing attorney, I have been involved in dozens of insurance regulatory procedures.

2. I was hired by Anthem in August of 2015 in connection with Anthem's pending merger with Cigna to assist Anthem in securing approval for the merger from the Colorado Division of Insurance (the "Colorado Division").

3. In Colorado, any company seeking to acquire an insurance company must file a change of control statement, known as a Form A, with the Colorado Division. This process is governed by Colo. Rev. Stat. § 10-3-803. The Colorado Insurance Commissioner must approve the Form A filing before the transaction can be completed. Generally, when determining whether to approve a Form A filing, the Colorado Division will evaluate factors such as: (i) whether the insurer, post transaction, would be able to satisfy the requirements for a license to write the lines of insurance business contemplated; (ii) whether there will be any financial issue that will jeopardize the financial stability of the insurer or prejudice the interest of its policyholders; (iii) any plans or proposals which the acquiring party has to liquidate the insurer, sell the assets or consolidate or merge it with another entity or to make any other material



Declaration of Joel A. Glover

changes in the business plan or corporate structure or management that are unfair to policyholders or the public; (iv) the competence, experience, and integrity of those that will control the insurer; (v) whether the transaction would be hazardous or prejudicial to the insurance buying public; and (vi) the effects of the merger on consumers and suppliers of services. One of the main criteria that the Colorado Division focuses on is a finding that the contemplated transaction will not substantially lessen competition in any line of insurance in Colorado. Factors relevant to measuring competition include market shares, volatility of ranking of market leaders, number of competitors, concentration, trend of concentration in the industry, the ease of entry and exit in the market, and whether the merger will produce economies of scale or economies in resource utilization that cannot be feasibly created in any other way.

4. Colo. Rev. Stat. § 10-3-803(6)(b) contains a unique requirement for the Colorado Division to conduct an independent investigation of the competitive impact of the proposed transaction and to review "any information from . . . any . . . federal agency related to the applicant." The Colorado Division has stated that they interpret this requirement to include any final federal antitrust determination about the transaction, including a court decision.

5. Colorado state law, Colo. Rev. Stat. § 10-3-803(7), also requires a public hearing preceded by notice and a public comment period prior to state regulatory approval. Pursuant to Colo. Rev. Stat. § 10-3-803(8)(c), any public hearing must be held within 30 days after the Form A statement is filed and all regulatory filings required under Colorado law are deemed complete. The Colorado Insurance Commissioner is required to give the applicant at least 20 days' and the public at least 7 days' notice of the public hearing. Colo. Rev. Stat. § 10-3-803(8)(c). The Colorado Insurance Commissioner shall make a determination within 30 days after the conclusion of the public hearing. *Id.*

6. Pursuant to Co. Rev. Stat. § 10-3-803(8)(d), written public comment to respond to the applicant's testimony at the public hearing must be submitted within 10 business days



Declaration of Joel A. Glover

following the public hearing. Thus, the record is to be held open for at least 10 business days after the public hearing.

7. On November 24, 2015, Anthem submitted its Form A with the Colorado Division.

8. I have had in-person and telephonic meetings with the Colorado Division to discuss Anthem's Form A filing in Colorado.

9. As part of our communications, Anthem's other counsel and I have urged the Colorado Division to continue their review in parallel with any federal antitrust review.

10. Upon the filing of the Antitrust Division complaint against the Anthem/Cigna merger on July 21, 2016, the Colorado Insurance Commissioner announced that the Colorado Division would postpone its review in light of the action, stating that "[t]he division will now monitor the situation, because we can't move forward until the lawsuit is resolved." Further, the Colorado Division had "instructed the companies to hold off on filing [the Form E and competitive impact analysis] until the feds made a decision." *Id*. These statements can be found in an article in the Denver Business Journal which is available at http://www.bizjournals.com/denver/blog/capitol_business/2016/07/colorado-insurance-chief-postpones-action-on.html.

11. Although it is difficult to predict how long it will take the Colorado Division to complete their review once they re-start it following a court determination in the federal lawsuit, based on my experience, I would anticipate that the public hearing in Colorado would not occur before 90 days following a court determination in the federal case. With hard work and considerable effort and assuming the Colorado Division renders a decision within 30 days of the public hearing, I believe we can obtain regulatory approval of the Anthem/Cigna merger from the Colorado Division within 120 days after any court decision on the federal case brought by the Department of Justice.

3



Declaration of Joel A. Glover

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2016     /s/ _____Joel Glover_____

Joel A. Glover, Esq.
Partner, Lewis Roca Rothgerber Christie LLP

4