# Exhibit I

# RATH YOUNG PIGNATELLI

## DECLARATION OF STEVEN J. LAUWERS

I, Steven J. Lauwers, declare as follows:

1. I am a Shareholder at the law firm of Rath, Young and Pignatelli, P.C., located in Concord, New Hampshire. For the past eleven (11) months, I have been working on behalf of Anthem in connection with Anthem's pending merger with Cigna. As local counsel for Anthem, one of my principal roles has been to assist Anthem in securing approval for the transaction from the New Hampshire Insurance Department (the "New Hampshire Department").

2. Such insurance regulatory work is one of my areas of expertise. I have focused in this area for at least twenty (20) years and during that time I have been involved in more than a dozen approval procedures. My experience includes work as senior in-house legal counsel at a national insurer, as the Assistant Insurance Commissioner at the New Hampshire Department, and for the last sixteen (16) years as a shareholder at Rath, Young and Pignatelli, P.C. In total, I have directly worked on legal issues pertaining to insurance companies, including changes of control, for the past thirty-six (36) years.

3. In New Hampshire, the acquiring company must file a change of control statement, known as a Form A, with the New Hampshire Department. *See* NH Rev. Stat. §401-B:3. The New Hampshire Commissioner must approve the Form A filing before the transaction can be completed. *See id.* at §401-B:3(VI). In my

National Impact. Uniquely New Hampshire.

Rath, Young and Pignatelli, P.C.
www.rathlaw.com

One Capital Plaza
Concord, NH 03302-1500
T  (603) 226-2600
F  (603) 226-2700

20 Trafalgar Square
Suite 307
Nashua, NH 03063
T  (603) 889-9952
F  (603) 595-7489

54 Canal Street
Boston, MA 02114
T  (617) 523-8080
F  (617) 523-8855

**RATH YOUNG PIGNATELLI**

experience, the New Hampshire Department will evaluate factors such as the financial stability of the resulting merged entities, the quality of management, and the qualification of the merged/acquired entity to remain licensed as an insurance company in New Hampshire. In addition to these criteria, New Hampshire insurance law requires that a Form E be filed. *See* NH Rev. Stat. §401-B:3 I(c). With respect to the Form E, the main criterion that the New Hampshire Department focuses on is a finding that the contemplated transaction will not substantially lessen competition in any line of insurance in New Hampshire. The Form E filing sets out in detail the anticipated effect on market shares in each relevant line of insurance, the existing competitors and the market environment.

4. New Hampshire state law, NH Rev. Stat. §401-B:3 VI(a), also requires a public hearing preceded by notice prior to state regulatory approval. Pursuant to NH Rev. Stat. § 401-B:3 VI(b), the public hearing must be held within 30 days after the Form A statement is filed. The New Hampshire Department consistently interprets "filed" here to mean "complete." In my experience, the New Hampshire Department has left a number of Form A filings open for many months because the applicant did not supply all of the information to the New Hampshire Department that was requested. After the filing is deemed "complete," the New Hampshire Commissioner is required to give the applicant at least 20 days' and the public at least 7 days' notice of the public hearing. The New Hampshire Commissioner shall make a determination "within the 60 day period preceding the effective date of the proposed transaction." NH Rev. Stat. §401-B:3 VI(b).

# RATH YOUNG PIGNATELLI

5. On September 2, 2015, Anthem promptly submitted its Form A with the New Hampshire Department. This was followed up with the filing of a detailed competitive impact filing, or a Form E, on December 11, 2015.

6. I have had in-person and telephonic meetings and discussions with the New Hampshire Department and their outside counsel in connection with Anthem's Form A filing in New Hampshire. The New Hampshire Department and/or its legal counsel has clearly stated that the New Hampshire Department would not be in a position to deem the Form A or Form E filing complete until the federal antitrust process is resolved since that federal process may well generate facts that the New Hampshire Department will wish to consider in its own analysis. Jennifer Patterson, inside legal counsel to the New Hampshire Department and a member of the New Hampshire Department team reviewing Anthem's Form A and Form E, was quoted in a newspaper article published by the Manchester Union Leader on July 25, 2016 as follows: "If the merger were to go forward, despite the lawsuit, it might go forward in changed form. So it would be premature to have a hearing before it was pretty clear that the deal we were reviewing will be the final deal." This article is available at http://www.unionleader.com/Federal-lawsuit-wont-stop-state-review-of-Anthem-Cigna-merger.

7. Further, the New Hampshire Department sent the parties a draft Process and Timing Agreement on December 16, 2015, which sets forth that the review period would not commence until the federal antitrust process has concluded. Although the parties did not enter into such agreement with the New Hampshire Department,

3

# RATH YOUNG PIGNATELLI

it underscores their perspective that the Form A filing in New Hampshire is not deemed complete until the federal action has concluded.

8. Based on the New Hampshire Department's comments that they may want to consider facts addressed by the federal court and based on my experience, it is unlikely that the New Hampshire Department will consider Anthem's application "filed" until 30 days after a court decision in the federal case. Therefore, the public hearing in New Hampshire is unlikely to occur until at least 60 days after a court determination in the federal case. Assuming the New Hampshire Commissioner renders a decision within 30 days of the public hearing, we would not receive New Hampshire regulatory approval of the merger until at least 90 days following judicial resolution of the federal litigation, at the earliest. Although it is difficult to predict, I believe we can obtain regulatory approval of the merger from the New Hampshire Department within 90-120 days following the court decision in the federal lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2016    /s/ _Steven J. Lauwers_
Steven J. Lauwers
Shareholder, Rath, Young and Pignatelli, P.C.