# Exhibit K

LEWISRICE LLC

| | | |
|---|---|---|
| Richard B. Walsh, Jr. | | 600 Washington Avenue |
| | | Suite 2500 |
| rwalsh@lewisrice.com | Attorneys at Law | St. Louis, Missouri 63101 |
| 314.444.7722 *(direct)* | | www.lewisrice.com |
| 314.612.7722 *(fax)* | | |

## DECLARATION OF RICHARD B. WALSH, JR.

I, Richard B. Walsh, Jr., declare as follows:

1.      I am a practicing attorney at the law firm of Lewis Rice LLC, located in St. Louis, Missouri. I have been a practicing attorney for the last 33 years. I am Chairman of my firm's Litigation Department, and I practice primarily in the area of complex commercial litigation, including intellectual property, antitrust, and securities litigation. I have worked on numerous cases where a company was seeking regulatory approval from a state agency, many of which involved insurance regulatory issues.

2.      As local counsel for Anthem, one of my principal roles has been to help Anthem secure approval of the Anthem/Cigna merger from the Missouri Department of Insurance, Financial Institutions and Professional Registration, Division of Insurance Company Regulation (the "Missouri Department"). My work for Anthem has included drafting and filing submissions to the Missouri Department, meeting with the Missouri Department both in-person and telephonically, preparing pre-hearing motions, and participating in pre-hearing conferences with the Missouri Department's appointed Hearing Officer.

3.      In Missouri, a party seeking to acquire a domestic insurer must file a change of control statement, known as a Form A, with the Missouri Department. The Missouri Director must approve the Form A filing before the transaction can be completed. In addition to the Form A statement, a party seeking to acquire a domestic insurer must also submit a pre-acquisition notification, known as a Form E, to the Missouri Director. The Form E notification must contain

information related to the competitive impact of the proposed transaction, including market share information for potentially affected lines of insurance.

4.      In evaluating the competitive impact of a proposed transaction under Mo. Rev. Stat. § 382.095, the Missouri Director will focus on finding that the transaction will not substantially lessen competition or tend to create a monopoly in any line of insurance in Missouri.  In my experience under Mo. Rev. Stat. § 382.095.4, the Missouri Department will consider the following factors in evaluating the competitive impact of a proposed transaction: market shares; volatility of ranking of market leaders; number of competitors; market concentration and industry concentration trends; and ease of entry and exit into the market.  The Missouri Department may also consider whether the proposed transaction will yield substantial economies of scale or economies in resource use that cannot be feasibly achieved in any other way, and whether the proposed transaction will substantially increase the availability of insurance.

5.      Missouri state law also requires a public hearing preceded by notice prior to state regulatory approval.  *See* Mo. Rev. Stat. § 382.060.  Pursuant to Mo. Rev. Stat. § 382.060.3, the public hearing must be held within 30 days after the Form A statement is "filed."  It is my understanding that the Missouri Department only deems a Form A statement to be "filed" once the Missouri Department deems the submission final and complete.  A complete Form A filing would necessarily include analysis by the Missouri Department and responses to follow-up questions from the Missouri Department.  Under Missouri state law, the Missouri Director is required to give the applicant at least 20 days' notice of the public hearing.  *See* Mo. Rev. Stat. § 382.060.3. Additionally, the Missouri Hearing Officer assigned to the Anthem/Cigna review has stated Anthem must give at least 20 days' notice of the hearing to the public.  The Missouri

Director shall make a determination within 30 days after the conclusion of the hearing.  *See* Mo. Rev. Stat. § 382.060.3.  In my experience, the Missouri Director generally takes the full 30 days to issue any decision.

6.      On September 2, 2015, Anthem promptly submitted its Form A with the Missouri Department.  This submission was followed up with the filing of a detailed Form E on November 13, 2015.

7.      I have had numerous in-person and telephonic meetings and discussions with the Missouri Department and their outside counsel in connection with Anthem's Form A and Form E filings in Missouri.

8.      Due to the Justice Department's Complaint regarding the Anthem/Cigna merger, filed on July 21, 2016, the Missouri Form A filing is currently in a holding pattern pending further discussion with counsel for the Missouri Department.

9.      Based on the foregoing and my experience, I do not anticipate that the public hearing in Missouri will occur before 45-60 days following a court determination in the federal lawsuit.  Assuming the Missouri Director renders a decision within 30 days of the public hearing, we would not obtain Missouri regulatory approval of the merger until about 90 days after judicial resolution of the DOJ action, at the earliest.  It is difficult to predict the exact timeline, but I believe with diligence we will obtain regulatory approval from the Missouri Department within 90-120 days following any decision in the federal case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2016

Richard B. Walsh, Jr.
Member, Lewis Rice LLC