# **DECLARATION OF GEORGE L. PAUL**

I, George L. Paul, declare as follows:

1. I am a partner at White & Case LLP practicing in antitrust and competition law. I am a member of the bar in the District of Columbia and New York, and admitted to the U.S. District Court for the District of Columbia.

2. I regularly advise clients on antitrust issues related to mergers, coordinate their Hart-Scott-Rodino ("HSR") Act filing efforts, and represent merging parties in responding to federal and state merger investigations and related actions. I have been advising Anthem, Inc. in this context related to Anthem's proposed acquisition of Cigna Corporation.

3. On July 23, 2015, Anthem agreed to acquire Cigna for approximately $54.2 billion. On July 24, 2015, the agreement was publicly announced. That same morning – 375 days ago – Cigna's counsel and I, along with Thomas Zielinski (Anthem, Executive Vice President and General Counsel) and Nicole Jones (Cigna, Executive Vice President and General Counsel), called the Antitrust Division to inform then-Assistant Attorney General William J. Baer of the transaction, so that the Antitrust Division could begin its investigation immediately.

4. The Antitrust Division opened an investigation and issued Anthem a Voluntary Request for Information about the proposed transaction on July 29, 2015 – five days after the parties first contacted the Antitrust Division. In response to the Voluntary Request for Information, between July 2015 and September 2015, Anthem produced thousands of pages of documents and several years of Anthem enrollment data about its business operations relevant to the Antitrust Division's investigation. My understanding is that

Cigna also provided information and documents in response to a Voluntary Request for Information that the Antitrust Division issued to Cigna.

5. On August 27, 2015, Anthem and Cigna each filed their respective HSR pre-merger notification submissions. The filing of an HSR submission starts a 30-day waiting period during which the Antitrust Division is expected to investigate the competitive effects of the transaction and the parties may not close the transaction.

6. On September 2, 2015, six days after submitting their HSR filings, Mr. Zielinski and Ms. Jones along with their respective outside counsel met with the Antitrust Division to discuss the proposed merger.

7. During September 2015, Anthem submitted nine substantive white paper submissions addressing the competitive effects of the proposed transaction to the Antitrust Division.

8. The Antitrust Division issued Requests for Additional Information and Documentary Material (the "Second Requests") to each of Anthem and Cigna on September 28, 2015. Pursuant to Section 7A(e) of the Clayton Act, 15 U.S.C. § 18a(e), the Antitrust Division may issue a Second Request, which extends the HSR waiting period up to 30 days from the time when both parties have substantially complied with the Second Request. Second Requests must be authorized by the Assistant Attorney General or his or her designee, and are voluminous requests for additional information to aid the Antitrust Division's investigation. Anthem's Second Request included 66 separate specifications, including 149 subparts.

9. Shortly after issuing the Second Requests, on October 16, 2015, the Antitrust Division requested an agreement from the parties providing the Antitrust Division additional time – 150 days after substantial compliance – to review the transaction. The parties

eventually agreed and through a series of extensions extended the time for the Antitrust Division's review to July 22, 2016.

10. On November 20, 2015, the Antitrust Division took its first deposition of Anthem, obtaining information under oath from Anthem about the competitive effects of the proposed transaction.

11. Anthem answered the Antitrust Division's information requests and certified substantial compliance with its Second Request on February 9, 2016. In total, Anthem produced approximately 4.17 million documents (18.97 million pages) from 112 Anthem custodians, over 300 pages of narrative responses, and at least three terabytes of data as part of its Second Request response. My understanding is that the Antitrust Division apparently also obtained similar evidence from Cigna and other industry participants during this time. Substantial compliance is a significant event in the course of a merger investigation, as it starts a 30-day window within which the Antitrust Division is required to complete its investigation unless the parties agree to provide the Antitrust Division with an extension. The Antitrust Division has asserted that the date of Cigna's substantial compliance was March 4, 2016, which would have meant that without an extension the HSR waiting period for this transaction would have expired no later than Monday, April 4, 2016.

12. On February 29, 2016, the Antitrust Division requested white paper submissions for more than 10 additional topics. In response to the Antitrust Division's request, Anthem submitted 13 substantive white paper submissions, including a 343-page submission (including exhibits) addressing competition in each of Anthem's Blue-licensed service areas (excluding Missouri and Wisconsin).

13. As part of its investigation, the Antitrust Division deposed in total 22 Anthem witnesses in addition to taking several interviews of Anthem representatives.

14. Anthem also provided the Antitrust Division with a detailed description of economic work done by its economists concerning the competitive effects of the transaction and the substantial cost savings for consumers that will result from the transaction. This included a series of meetings over six weeks with the Antitrust Division's staff, including several economists, to explain details of underlying data and modeling used by Anthem and its economists.

15. The scheduling order that Anthem proposes would set trial for approximately 90 days after the complaint was filed, and seeks resolution of this action by the end of the year, or 163 days after the complaint was filed. Attached hereto as Exhibit 1 is a true and correct copy of Anthem's Proposed Scheduling and Case Management Order. Anthem sent this proposed scheduling order to the Plaintiffs on July 27, 2016 in an attempt to engage Plaintiffs in a productive discussion of scheduling. The Plaintiffs did not make their own proposal until earlier today and request trial in late February or even later. Anthem's proposed scheduling order provides for approximately 6 weeks of fact discovery, 8 weeks of expert discovery and a 15-day trial, commencing on October 17, 2016, or as soon thereafter as the Court's schedule may allow.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 2, 2016        _____

George L. Paul
Partner, White & Case LLP