# Exhibit 1

Anthem Draft: July 27, 2016, 8:50p

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ANTHEM, INC. and CIGNA CORP., <br><br> *Defendants*. | Case No. 1:16-cv-01493-JDB |

**[PROPOSED] [STIPULATED / JOINT]**
**SCHEDULING AND CASE MANAGEMENT ORDER**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure 26(f) and Rule 16.3 of the Local Civil Rules Plaintiffs and Defendants met and conferred and developed the following discovery plan that indicates the Parties' views and proposals.

1. **Case Schedule.** The Parties agree to, and respectfully request that the Court order, the following schedule:

| Event | Deadline |
|---|---|
| Fact Discovery Begins | On filing of this Proposed Order |
| Plaintiffs produce Investigation Materials | On filing of this Proposed Order |
| Rule 26(a)(1) disclosures | Parties agree to waive exchange of disclosures |
| Deadline to join Parties | 1 day after the filing of this Proposed Order |
| Preliminary trial witness lists exchanged | [●] |

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

| Event | Deadline |
|---|---|
| Deadline to issue written discovery to Parties | August 3, 2016 |
| Deadline for objections to written discovery | August 8, 2016 |
| Substantial Completion of Party Document Productions | August 26, 2016 |
| Plaintiffs serve Expert Report(s) | September 2, 2016 |
| Final trial witness lists exchanged | September 12, 2016 |
| Fact discovery closes except for as to new witnesses added to final trial witness lists | September 19, 2016 |
| Defendants serve Expert Report(s) | September 21, 2016 |
| Fact discovery closes as to new witnesses added to final trial witnesses lists | September 23, 2016 |
| Plaintiffs' Reply Expert Report(s) due | September 26, 2016 |
| Parties exchange exhibit lists and deposition designations | September 26, 2016 |
| Objections to parties' exhibit lists and deposition designations due | September 29, 2016 |
| Parties meet-and-confer regarding objections to exhibits and deposition designations | September 30, 2016 |
| Expert discovery closes | September 30, 2016 |
| Motions *In Limine* due | October 3, 2016 |
| Joint Pretrial Statement due | October 6, 2016 |
| Final Pretrial Conference | October 10, 2016 |
| Trial begins | October 17, 2016 at 10:00 a.m. |

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

| Event | Deadline |
|---|---|
| Trial ends | November 4, 2016 at 5:00 p.m. |

2.  **Service of the Complaint**.  Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and waived formal service of a summons.

3.  **Discovery Conference.**  The Parties' prior consultations and submission of this stipulated Order relieve the Parties of their duty under Rule 26(f) of the Federal Rules of Civil Procedure and the Local Civil Rules to confer further generally about scheduling and a discovery plan.  The Parties shall meet and confer when particular scheduling or discovery issues arise.

4.  **Completion of Transaction**.  Defendants have agreed not to consummate or otherwise complete the challenged acquisition until 12:01 a.m. on the sixth day following the entry of a final and appealable order from the trial commencing October 17, 2016.

5.  **Statements Regarding Local Civil Rules 16.3(c)(1) and (6):  Dispositive Motions**.  Defendants do not intend to file any Rule 12(b) motions.  Defendants consent, for the purposes of this case only, to personal jurisdiction in this Court.

6.  **Statement Regarding Local Civil Rule 16.3(c)(3):  Assignment to Magistrate Judge.**  Due to the complexity and expedited trial schedule in this case, the Parties do not believe this matter should be assigned to a magistrate judge for any purpose.

7.  **Statement Regarding Local Civil Rules 16.3(c)(4) and (5):  Settlement Possibilities and ADR**.  All Parties are amenable to settling this case and have engaged in good faith settlement negotiations, but despite their efforts, have not been able to do so.  The Parties do not believe that this matter would benefit from the Court's alternative dispute resolution procedures.

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

8. **Production of Investigation Materials**. Plaintiffs will produce, initially on an "outside counsel eyes only" basis, and at all times in compliance with the Protective Order, the following Investigation Materials: (a) all documents, data, information, or transcripts of testimony that (i) has not already been provided to all parties, (ii) any non-party provided to any party either voluntarily or under compulsory process preceding the filing of this action in the course of the parties' inquiries into the competitive effects of the proposed acquisition, or (iii) any party provided to any non-party preceding the filing of this action in the course of the parties' inquiries into the competitive effects of the proposed acquisition; and (b) any witness statements, including affidavits, transcripts, or letters, whether in hard-copy or electronic form, sent or received by any party including its counsel to or from any non-party including its counsel, preceding the filing of this action in the course of the parties' inquiries into the competitive effects of the proposed acquisition. Plaintiffs will conduct good-faith, reasonable, and diligent searches for Investigative Materials; if any Investigative Material is not produced as agreed in this Paragraph, the Parties will meet-and-confer in good faith to agree on a resolution. Nothing in this Order requires the production of any Party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process or any other governmental privilege.

9. **Timely Service of Fact Discovery and Objections**. All written and deposition discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery, except for document and deposition discovery of the Parties or the new persons and related entities regarding new persons and related entities added to the Parties' final trial witness lists. For requests for productions of documents

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

regarding new persons and related entities added to the Parties' final trial witness lists, the Parties must serve any objections within three (3) days and responsive productions (subject to any objections or custodian issues that have not been resolved) will be made on a rolling basis with a good-faith effort to be completed no later than ten (10) days after service of the request for production.

10. **Discovery.**

    A. *Interrogatories.* Interrogatories shall be limited to twenty (20) per side, including discrete subparts.

    B. *Requests for Production.* There shall be no limit on the number of requests for production of documents.

    C. *Requests for Admissions.* Requests for admission shall be limited to three (3) per side, including discrete subparts. If Plaintiffs serve a request for admission on Defendants that requires each Defendant to conduct a separate investigation to obtain the facts sufficient to admit or deny the request, that request for admission shall count as two (2) of Plaintiffs' total requests.

    D. *Written Responses.* The Parties shall respond in writing to requests for admissions and interrogatories within fourteen (14) days after they are served, except that any objections to written discovery must be made no later than [●]. The Parties must serve any objections to requests for productions of documents within five (5) days after the requests are served and all objections must be made no later than [●]. Within two (2) days of service of objections, the Parties will meet-and-confer to attempt to resolve the conflicts. Responsive productions will be made on a rolling basis with a good faith effort to be completed no later than

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

fourteen (14) days after the requests and/or resolution of any meet-and-confers, except that in any event, all Parties will substantially complete their productions no later than [●].

E. *Authenticity/Admissibility.* The Parties shall meet-and-confer in good faith regarding the authenticity and admissibility of documents, data, or other evidence.

F. *Data Compilations.* In response to any Rule 34 requests for data or data compilations, the Parties will meet and confer in good faith and make employees knowledgeable about the content, storage, and production of data available for informal consultations during a meet-and-confer process.

G. *Privilege Logs.* The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) any documents or communications sent solely between outside counsel for the Parties (or persons employed by or acting on behalf of such counsel) or solely between counsel of the Plaintiffs; (2) documents that were not directly or indirectly furnished to any non-party, such as internal memoranda, and that were authored by the Parties' outside counsel (or persons acting on behalf of such counsel) or by counsel for the Plaintiffs; (3) documents or communications sent solely between outside counsel for the Parties (or persons employed by or acting on behalf of) and employees or agents of each party; (4) privileged draft contracts; (5) draft regulatory filings; and (6) non-responsive, privileged documents attached to responsive documents. When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the Parties will insert a placeholder to indicate a document has been withheld from that family. The Parties also agree to the following guidelines concerning the preparation of privilege logs: (a) a general description of the litigation underlying attorney work product claims is permitted; (b) identification of the name and the company affiliation for each non-defendant person is sufficient

-6-

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

identification; and (c) there is no requirement to identify the discovery request to which each privileged document was responsive.

H. ***Inadvertent Production of Privileged Materials***. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any attorney-client privileged or work product protected documents or data ("Inadvertently Produced Privileged Material") is not a waiver in the pending case or in any other federal or state proceeding. A Party or person claiming privilege or other protections for an Inadvertently Produced Privileged Document shall promptly notify any all Receiving Parties that received the documents and provide sufficient information to the Receiving Party regarding the asserted privilege(s), in the form of a privilege log pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure. Alternatively, in the event that a Receiving Party discovers a document that it believes to be an Inadvertently Produced Privileged Document, the Receiving Party will promptly notify the Designating Party of what it believes to be the Inadvertently Produced Privileged Document (no Receiving Party will be found in violation of this Order for failing to identify an Inadvertently Produced Privileged Document). After discovering or being notified of an Inadvertently Produced Privileged Document, any Receiving Party must not use or disclose the Inadvertently Produced Privileged Document in any way until the claim is resolved and must take reasonable steps to retrieve the document if the Receiving Party disclosed it before being notified of or discovering the inadvertent production. In addition, within five (5) days of discovering or being notified, any Receiving Party must return, or destroy the specified document and any copies. The Designating Party must retain a copy of the document until the resolution or termination of this Case. A Party may move the Court for an order compelling production of the document, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production. The Party asserting

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

the privilege shall file its opposition under seal and submit a copy of the document in question for in camera review.

Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

This Order is not intended to impose on a Party a waiver of its rights to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a party to produce documents without review.  Moreover, this Order does not mean that the cost of review should not be considered in whether any particular discovery is proportionate (i.e., that the marginal benefit of the discovery is not as great as the marginal cost of said discovery including review).

> I. ***Depositions of Fact Witnesses.***  All trial witnesses will be deposed, unless the witness has already been deposed in the course of the investigative process preceding the filing of the Complaint in this action.  In addition, each side may take [●] depositions of fact witnesses, plus depositions of any persons identified on the final trial witness list but that were not identified in the preliminary trial witness lists.  Plaintiffs may take one deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure of each Defendant family, and one additional Rule 30(b)(6) deposition of Defendants collectively limited to Defendants' claimed facts and quantification of the merger's cost savings and synergies.  If taken, these three Rule 30(b)(6) depositions count against the total number of depositions Plaintiffs are permitted by this Order.

Depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party do not count toward the limit on

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

depositions. Such depositions shall be designated as such at the time that the deposition is noticed and shall be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means.

All fact depositions shall be limited to a maximum of seven (7) hours. Party witnesses shall be made available for deposition upon seven (7) days' notice.

If a Party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the scheduled deposition date must be at least seven (7) business days after the return date for the document subpoena. If extending the date of production for the document subpoena results in fewer than seven (7) business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least seven (7) business days following the extended production date, unless the other Party consents to fewer than seven (7) business days.

J. ***Expert Witness Disclosures and Depositions.*** Expert disclosures shall be governed by Rule 26 of the Federal Rules of Civil Procedure, except as modified by this Order. Expert disclosures, including each Party's expert reports, shall comply with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure, except that neither side must preserve or disclose the following documents or materials:

    a.    any form of oral or written communication, correspondence, or work product shared between any of the Parties' counsel and their expert(s), between testifying and non-testifying experts, between non-testifying experts, or between testifying experts;

    b.    any form of oral or written communication, correspondence, or work product shared between an expert(s) and persons assisting the expert;

-9-

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

  c. expert's notes, except to the extent that the notes reflect facts or assumptions relied upon by the expert in the opinions contained in his or her final report;

  d. drafts of expert reports, analyses, or other work product; or

  e. data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report.

The Parties shall disclose the following materials with all expert reports:

  a. list by Bates number of all documents relied on by the testifying expert(s); and, except for documents or materials exempted from disclosure by subsections a.-e. in the preceding paragraph, copies of any materials relied on by the testifying expert(s) that were not previously produced and are not readily available publicly; and

  b. for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files, and any intermediate files.

Depositions of each side's experts may be conducted after the disclosure of all expert reports and materials and must be completed by the close of expert discovery.

  All expert depositions shall be limited to a maximum of 7 hours and expert witnesses shall be made available for deposition upon seven (7) days' notice.

  11. **Witness Lists (preliminary trial and final trial).**  Each side is limited to [●] persons on its preliminary trial witness list, and [●] persons on its final trial witness list. Both the preliminary trial witness list and the final trial witness list shall be good-faith attempts to identify for the other side the witnesses the Party expects that it may present at trial other than solely for impeachment. The final trial witness lists may identify no more than [●] witnesses that were not identified in the preliminary trial witness list. If any new witnesses are added to a final witness list that were not on that side's preliminary witness list, a deposition by the other side of such witness will not count against that side's total depositions, and may be taken after

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

the close of discovery. Each witness for whom a Party offers deposition designations to be offered at trial must be included as a witness on the final trial list. The final trial witness list shall comply with Rule 26(a)(3)(A) of the Federal Rules of Civil Procedure.

12. **Nationwide Service of Trial Subpoenas.** To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, each side shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for the purposes of Rule 32 of the Federal Rules of Civil Procedure and Rule 804 of the Federal Rules of Evidence available under these rules regarding the use at trial of a deposition taken in the above-captioned action pending in this Court.

13. **Discovery of Confidential Information**. Discovery and production of confidential information shall be governed by the Protective Order that the Parties are filing with the Court. After entry by the Court, a copy of the Protective Order shall be sent to any non-parties that have been served with discovery requests, notices, or subpoenas. In addition, by [●], Defendants shall provide Plaintiffs with redacted versions of any exhibits used in investigational hearings or depositions in this matter for which either Defendant asserted confidentiality, or inform Plaintiffs of those exhibits that no longer need to be treated as confidential. By [●], Defendants also shall inform Plaintiffs of the portions of investigational hearing or deposition transcripts that no longer need to be treated as confidential.

14. **Service of Pleadings and Discovery on Other Parties.** Service of all pleadings, discovery requests, including Rule 45 subpoenas for testimony or documents, expert disclosures, and delivery of all correspondence in this matter shall be made by ECF or e-mail, except when

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

the volume of attachments requires overnight delivery of the attachments, to the following individuals designated by each Party:

For Plaintiff United States of America:

[          ]

For Plaintiff States:

[          ]

For Defendant Anthem, Inc.:

[          ]

For Defendant Cigna Corporation:

[          ]

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated in the same manner as hand delivery. However, for any service other than service of court filings, e-mail service that is delivered after 6:00 p.m. Eastern Time shall be treated as if it was served the following business day.

Each side shall copy and produce materials obtained in discovery from any non-party to the other side, in the format they were received, within three (3) business days after receipt by the Party initiating the discovery request; except that if a non-party produces documents or electronic information that are not Bates-stamped, the Party receiving the documents shall Bates-stamp them before producing a copy to other Parties, and shall produce the documents or electronic information in a timeframe appropriate to the volume and complexity of the files received. Each side must provide the other side with (1) a copy of the Party's written communications (including e-mail) with any non-party containing any substantive content concerning the non-party's response to or compliance with a subpoena, including any extensions

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

or postponements, within twenty-four (24) hours of the communication, and (2) a written record of any oral or written modifications to the subpoena, within twenty-four (24) hours of the modification.

15. **Evidentiary Presumptions**. Documents produced by non-parties from their own files shall be presumed to be authentic within the meaning of Rule 901 of the Federal Rules of Evidence. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

16. **Demonstrative exhibits**. Demonstrative exhibits, other than those to be used by experts, do not need to be included on exhibit lists, but, unless otherwise agreed or ordered, need to be served on all counsel of record at least twenty-four (24) hours before any such exhibit may be introduced, or otherwise used, at trial. Text-only PowerPoint slides, demonstratives used at any hearing other than trial, and demonstratives created in court need not be pre-disclosed to the opposing party.

17. **Modification of Scheduling and Case Management Order**. Any Party may seek modification of this Order for good cause.

Dated: July [●], 2016                           Respectfully submitted,
       Washington, D.C.

[INSERT PARTY SIGNATURE BLOCKS]

FOR DISCUSSION PURPOSES
WITHOUT PREJUDICE
RESERVING ALL RIGHTS

**IT IS SO ORDERED,**

**DATED: July \_\_\_\_, 2016**

_____
The Hon. John D. Bates
UNITED STATES DISTRICT JUDGE