UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> ANTHEM, INC. and CIGNA CORP., <br><br> *Defendants*. | Case No. 1:16-cv-01493 (ABJ) |

**Special Master Report & Recommendation No. 1**
**(Non-Party Deposition Limits)**

Pending before the Special Master is a dispute between Plaintiffs and Defendants concerning the number of hours of non-party depositions that each party will be permitted to conduct under the Case Management Order in this matter. For the reasons that follow, the Special Master recommends that the Court permit each side to conduct up to 275 hours of non-party depositions with any side having the ability to seek additional non-party deposition hours upon a showing of extraordinary good cause.[1]

**Background**

On August 12, 2016 this Court entered an Order appointing a Special Master to consider matters including "[a]ll disputes or matters relating to discovery in [this] case as to the parties and nonparties subject to discovery." [Dkt. 66 at ¶ 2]. On August 13, 2016, the parties jointly submitted to the Special Master a draft Case Management Order highlighting areas of disagreement between the parties. After meeting with the Special Master in-person and

---

[1] The parties have agreed, and the Court has ordered, that there is no limit on party depositions. [CMO ¶12.H (Dkt. 74)].

telephonically on August 14, the parties were able to agree on all provisions of that proposed Case Management Order except for a single sentence regarding the total number of hours of non-party depositions that each side will be permitted to take.

Following oral argument on this issue, the Special Master issued an oral recommendation for a limit of 275 hours per side with the ability for each side to seek additional time upon a showing of extraordinary good cause.[2] On August 15, the parties submitted written position statements regarding this oral recommendation.

On August 15, 2016 the Court entered an Interim Case Management Order [Dkt. 74] and noted an intent to enter a Final Case Management Order after matters in dispute, including the question of nonparty depositions, have been resolved. [Dkt. 74 at 1].

The Special Master has reviewed the written submissions, and considered the oral arguments made at the August 14 hearing.

### Arguments of the Parties

In its written response to the Special Master's proposed limitation of 275 hours per side for non-party depositions, Defendants assert that depositions are necessary because "unlike paper discovery, depositions allow for follow-up questions, probing, challenging and confronting fact witnesses about actual market conditions and dynamics." (Def. 8/15/16 Ltr. at 1).[3]

With respect to the recommended hour limitation specifically, Defendants contend that a 275 hour limit for non-parties is appropriate in this case in order to permit the parties to make a

---

[2] The Special Master stressed that any application for additional time will have to be based upon a detailed and specific factual record supporting such application.

[3] In the August 13 draft Case Management Order Defendants sought a provision with no limit on the number of depositions in terms of number of deponents or hours of deposition, referencing other complicated civil and antitrust actions. At the August 14 conference Defendants sought unlimited depositions or, in the case of non-party depositions, a limit of 350 hours. During the argument before the Special Master, Defendants, presumably (and correctly) sensing that some limit would be imposed, argued that a limit of 300 hours would be tantamount to living on "rations."

2

"'comprehensive inquiry' into competitive conditions in relevant markets." [*Id.* (quoting *United States v. Baker Hughes*, 908 F. 2d 981, 984 (D.C. Cir. 1990)]. According to Defendants, Plaintiffs have suggested that "if [Plaintiffs] can show sufficient post-merger market concentration in even a single one of their alleged 90 relevant markets, then the Court should block the entire transaction." [*Id*. at 2 (citing 8/12/16 Hrg. Tr. at 32)]. For this reason, Defendants contend that they should be permitted to depose "key market participants" in each or at least in most of the 90 relevant markets, including deposing third party witnesses from regional insurers, third party administrators, brokers, benefits consultants, and consumers. (*Id*.)

Defendants also argue that deposition testimony "will be critical to evaluate potential competitive entry" in these 90 markets. (*Id*.) Defendants argue that details relevant to this evaluation are unlikely to be found "in Cigna's or Anthem's files," and likely can only be developed through the testimony of non-party witnesses from these markets. (*Id*.). Defendants also assert that through use of "focused depositions" they will be able to demonstrate that after the merger "customers will have significant competitive choices in over 90 overlap markets." (*Id.* at 2).

Finally, Defendants point out that, while the United States had the ability to subpoena "scores of companies" prior to filing the instant lawsuit, Defendants have not yet had the opportunity to conduct any parallel discovery. (*Id*. at 1-2). Defendants contend that permitting 275 hours of non-party deposition testimony "will, in small part, address [this] severe disparity in pre-suit discovery." (*Id*. at 2).

Plaintiffs object to the recommendation of 275 hours for non-party depositions and maintain that a 175 hour limit per side is sufficient. (Pl. 8/15/16 Ltr. at 1). According to Plaintiffs, permitting each side to conduct up to 275 hours of nonparty depositions "is not

practicable under [the] compressed discovery schedule" and, from Plaintiffs' perspective, 275 hours is "too close to the 350-hour limit" that the Court questioned during the August 12 scheduling hearing. (Pl. 8/15/16 Ltr. at 1). Plaintiffs suggest that a 175 hour limit would be more appropriate in this case because it will "significantly reduce the total number of depositions." (*Id*.).

During oral argument, Plaintiffs additionally noted that the case management order in *United States et al. v. Aetna Inc. and Humana Inc.*, permits each side to take "25 fact witness depositions (*i.e.*, 175 total hours) per side, plus depositions of persons on the preliminary or final trial witness lists." [Def. 8/1/16 Ltr. at 1; *see United States et al v. Aetna Inc. and Humana Inc*, Case No. 1:16-cv-1419, Dkt. 55 (Case Management Order) at ¶14 (H)].[4]

### Recommendation

While the parties' references to other antitrust cases, including merger cases, are informative and helpful, in reality each case must be evaluated individually by looking at, *inter alia*, the allegations, defenses, markets (size, geographic location and number), number of parties, trial date and time available for discovery.

While Plaintiffs look to the *Aetna* case for guidance, in part, for the CMO in this case, the Special Master notes that Plaintiffs' asserted characterization of *Aetna* as half the size of this case does not suggest that the hours of non-party depositions in this case should simply double those permitted in *Aetna*.

Rather, while the Special Master recognizes that the instant case is massive in the scope and breadth of allegations, size alone is not dispositive of the issue presented. At this juncture, all

---

[4] According to Defendants, Plaintiffs have described the *Aetna* case as "half the size of the Anthem-Cigna merger." (Def. 8/15/16 Ltr. at 1).

parties presumably have some idea as to which non-parties they want to depose but have not yet been required to inform each other of such prospective deponents. Thus, the Special Master and the opposing sides must operate in somewhat of a vacuum.

The legal and geographic breadth of the Plaintiffs' allegations and the asserted theories of defense to such allegations are primary factors to be considered in setting discovery limits. Based on these considerations, the Special Master finds the arguments presented by Defendants to be most persuasive. The Special Master agrees that depositions, particularly in a case with strict time limitations on the discovery period due to the need for a prompt trial and resolution, offer an efficient method for discovery. Conducting depositions will enable each side to directly question persons with knowledge of the topics at hand, eliminating some of the need to delve into costly and time consuming paper discovery.

Moreover, the recommended hour limit is not unlimited. By constraining each side to 250 hours of non-party deposition testimony, the hour limit will force each side to consider and prioritize carefully who it will depose and in what order. It likewise will require each side to focus and conduct the depositions in a manner which makes best use of every hour available.

Plaintiffs have brought very serious charges carrying the potential for serious consequences to the Defendants if Plaintiffs prevail. While Defendants are entitled to a fair opportunity to conduct discovery to aid their defenses, such opportunity does not entail unlimited discovery.

The Special Master believes that the recommended limit of 250 hours for non-party depositions strikes the appropriate balance in this case. In addition, permitting a side to seek additional hours upon a showing of extraordinary good cause ensures that if, based upon the Special Master's evaluation of the facts and circumstances presented and the manner in which

the moving side employed the already-allotted hours, additional inquiry is warranted, such additional inquiry may be permitted.

## Conclusion

For the foregoing reasons, the Special Master recommends that paragraph 12.H of the Case Management Order be amended to permit (1) each side to take up to 275 hours of non-party deposition testimony and (2) either side to see additional hours upon a showing of extraordinary good cause.

## Certification

As noted above, Plaintiffs orally and in writing have objected to this recommendation. Given that this recommendation involves a provision in the Case Management Order, the Special Master, pursuant to paragraph 5 of the appointment order (Dkt. 66) certifies this Report and Recommendation for appeal to the Court. In light of the fact that the parties have known of the recommendation for several days, the parties are urged to inform the Court as early as possible whether there will be a need for appeal. Regardless of the outcome of any appeal to the Court on this issue, there is no need for any party to delay commencement of any appropriate nonparty discovery.

August 17, 2016

/s/ Richard A. Levie
Hon. Richard A. Levie (Ret.).
Special Master