# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et. al,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>ANTHEM, INC. and CIGNA CORP.,<br><br>　　　　*Defendants*. | Case No. 1:16-cv-01493 (ABJ) |

## DEFENDANT CIGNA CORPORATION'S ANSWER TO COMPLAINT

Defendant Cigna Corporation ("Cigna") responds to the allegations in the Complaint as set forth below.  Any allegation not expressly and explicitly admitted is denied.  To the extent substantive factual allegations embodied in the boldface headings from the Complaint reproduced below require a response, Cigna denies them.

## I.  INTRODUCTION

1.　　Cigna, a health-insurance holding company, admits that Anthem, a health-insurance holding company, is proposing to acquire Cigna for approximately $54.2 billion, a valuation based on the closing price of Anthem's common stock on the New York Stock Exchange on May 28, 2015.  Cigna denies the remaining allegations in Paragraph 1.

2.　　Cigna admits that the U.S. healthcare system affects citizens and that Americans spend more than $3 trillion a year on healthcare.  Cigna admits that it and Anthem, among many others, offer health insurance to employers.  Cigna admits that millions of people purchase health insurance on public exchanges established by the Affordable Care Act ("ACA").  Cigna lacks

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2.

3.      Cigna admits that health-insurance companies, including Anthem and Cigna, among many others, may at times compete to provide health-insurance coverage to employers and individuals.  Cigna admits that some employers may seek bids when selecting plans to offer their employees.  Cigna admits that individuals can choose among insurers to purchase policies on public exchanges.  Cigna lacks information sufficient to form a belief as to the allegations regarding the views of unnamed "doctors and hospitals" about competition.  Cigna denies the remaining allegations in Paragraph 3.

4.      Cigna admits that Anthem has entered into a merger agreement that provides for its acquiring Cigna for approximately $54.2 billion, a value based on the closing price of Anthem's common stock on the New York Stock Exchange on May 28, 2015.  Cigna further admits that it is regarded by several sources as innovative.  Cigna lacks information sufficient to form a belief as to the allegation regarding Humana being innovative. Cigna lacks information sufficient to form a belief as to the allegations regarding Anthem's internal view of the industry. To the extent Paragraph 4 quotes from Cigna documents, Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading as framed in the Complaint, and therefore denies such allegations.  Cigna denies the remaining allegations in Paragraph 4.

5.      Cigna avers that Plaintiffs' complaint speaks for itself and no response is required to the first two sentences in Paragraph 5.  Cigna denies the remaining allegations in Paragraph 5.

6.      Cigna admits that Anthem is a member of the Blue Cross and Blue Shield Association and operates in all or part of 14 states as the Blue licensee.  Cigna lacks information sufficient to form a belief as to the allegations regarding Anthem's internal business documents or Anthem's perceived reputation in certain unidentified markets.  Cigna denies the remaining allegations in Paragraph 6.

7.      Cigna admits that it at times competes with Anthem and seeks to lower total medical costs for its clients and customers, and that it is regarded by several sources as innovative, but Cigna otherwise denies the allegations in the first sentence in Paragraph 7.  Cigna admits that it works to lower total medical costs and improve the quality of healthcare service delivered to its clients and customers through, among other things, wellness programs, customer service, and collaborations with doctors and hospitals, and that these efforts have been well received by some customers and healthcare providers.  Cigna admits that it has previously stated that it expects to double in size in the next seven to eight years.  Cigna lacks information sufficient to form a belief as to Anthem's view on any "pressur[e]. . . to respond."  Cigna denies the remaining allegations in Paragraph 7.

8.      Cigna denies that the proposed merger will harm competition.  This paragraph contains legal conclusions and other non-factual statements to which no response is required. To the extent that a response is required, Cigna denies such statements.  Cigna denies the remaining allegations in Paragraph 8.

8(a).      Cigna admits that it has adopted strategies for winning business from Anthem, just as it has for other competitors.  Cigna lacks information sufficient to form a belief as to

Anthem's internal views of Cigna or whether the Anthem and "its fellow blues" work as "one." Cigna denies the remaining allegations in Paragraph 8(a).

8(b).   Cigna lacks information sufficient to form a belief as to the allegations regarding Anthem's internal views of Cigna.  Cigna denies the remaining allegations in Paragraph 8(b).

8(c).   Cigna admits that both it and Anthem sell health insurance products on the public health insurance exchanges in St. Louis and Denver.  Cigna further admits that it continues to evaluate and update plans for participation on public exchanges and that some of those plans may involve expansion.  Cigna denies the remaining allegations in Paragraph 8(c).

8(d).   Cigna lacks information sufficient to form a belief as to the allegations regarding Anthem's internal strategy for providers.  Cigna denies the remaining allegations in Paragraph 8(d).

9.   This paragraph contains legal conclusions and other non-factual statements to which no response is required. To the extent that a response is required, Cigna denies such statements.  Cigna denies the remaining allegations in Paragraph 9.

## II.  THE DEFENDANTS AND THE MERGER

10.   Cigna admits that Anthem is a Blue licensee in all or part of the 14 listed states. Cigna admits that Anthem has represented that it had revenues of approximately $79 billion in 2015.  Cigna lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10.

11.   Cigna admits that, as stated in its 2015 10-K filing, it "offers some or all of its products in all 50 states [and] the District of Columbia," and had total revenues of approximately

$38 billion.  Cigna further admits that in 2015, it had approximately 13 million commercial medical insurance customers in the United States.  Cigna further admits that, as reflected in its 2015 10-K filing and proxy statement for this merger, Cigna has experienced compound revenue growth of approximately 13 percent annually over the years from 2010 to 2015.  Cigna further admits that it has developed wellness programs to improve the health of its members and collaborated with healthcare providers to improve patient health and lower the overall cost of medical care.  Cigna further admits that it is regarded by several sources as innovative.  Cigna denies the remaining allegations in Paragraph 11.

12.     Cigna lacks information sufficient to form a belief as to the allegations regarding reflections and determinations of Anthem's leadership, or Anthem's internal assessments regarding Anthem's purported "competitive problems" or limitations of the "best-efforts" rules. Cigna admits that it had discussions with Anthem in 2014 regarding a potential transaction, and that those discussions were halted in or around February 2015.  Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading as framed in the Complaint, and therefore denies such allegations.   Cigna denies the remaining allegations in Paragraph 12.

13.     Cigna admits that Anthem subsequently reengaged in discussions with Cigna regarding a potential transaction, and that Anthem made several bids to Cigna during 2015. Cigna further admits that over the course of several months in 2015, Cigna communicated with Humana on multiple occasions regarding Cigna's proposed acquisition of Humana.   Cigna further admits that over the course of several months in 2015, Cigna communicated with UnitedHealthcare in connection with UnitedHealthcare's outreach regarding a potential proposed

acquisition of Cigna.  Cigna lacks information sufficient to form a belief as to the allegations regarding the nature of Anthem's internal interest in acquiring Cigna or its reasons for any such purported interest.  Cigna also lacks information sufficient to form a belief about the truth of the allegations regarding bids by other companies to acquire non-Cigna entities.  Cigna admits that it entered into an agreement with Anthem on or about July 23, 2015 for Anthem to acquire Cigna for approximately $54.2 billion, a value based on the closing price of Anthem's common stock on the New York Stock Exchange on May 28, 2015.  Cigna denies the remaining allegations in Paragraph 13.

14.     Cigna admits that the parties negotiated over a number of terms, including the appropriate corporate governance structure for the combined company, before entering into the final merger agreement.  Cigna admits that its Board of Directors issued a letter in June 2015 rejecting an offer from Anthem.  Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading as framed in the Complaint, and therefore denies such allegations.  Cigna states that any written materials speak for themselves.  Cigna admits that after entering into the merger agreement, Anthem and Cigna have disagreed over certain issues, including integration planning.  Cigna denies the remaining allegations in Paragraph 14.

15.     Cigna lacks information sufficient to form a belief as to the allegations regarding Anthem's ability to explain any purported problems created by Anthem's membership in the BCBSA.  Cigna also lacks information sufficient to form a belief as to the allegations regarding Anthem's internal business documents or communications.  Cigna admits that after the merger, Anthem and Cigna would be part of the same company and that Cigna anticipates the combined

company would continue to compete for business against many competitors.  Cigna denies the remaining allegations in Paragraph 15.

### III.  BACKGROUND ON COMMERCIAL HEALTH INSURANCE

16.    Cigna admits that health insurance sold to employers with more than 100 employees may be referred to as "large group" insurance in some states and health insurance sold to employers with more than 50 employees may be referred to as "large group" insurance in others.  Cigna denies that there is a consensus industry definition of "national accounts."  Cigna admits that many large employers utilize one or more self-insured plans, under which the employer retains most of the risk of its employees' healthcare costs.  Cigna admits that one such option includes an employer paying another company an administrative fee for access to a network of doctors and hospitals and for processing medical claims, as well as many other possible contracting alternatives.  Cigna lacks information sufficient to form a belief about the truth of the allegations relating to many employers' cost-shifting and their views of the significance of certain of their expenses.  Cigna admits that Cigna and Anthem, among other companies, also sell "individual" insurance, which can be purchased on public health insurance exchanges.  Cigna denies the remaining allegations in Paragraph 16.

17.    Cigna admits that there is competition in the health insurance industry in a variety of areas, including but not limited to one or more of the following: price, customer service, care management, wellness programs, network, quality, and reputation.  Cigna admits that for certain medical services people seek medical care close to where they live or work over other places.  Cigna lacks information sufficient to form a belief as to the allegations concerning the

preferences of unidentified consumers regarding the location of their medical care.  Cigna denies the remaining allegations in Paragraph 17.

18.     Cigna admits that traditionally most healthcare providers have been and continue to be compensated on a "fee-for-service" basis.  Cigna admits that the "volume-to-value" shift is a broad industry trend, and a managed care model endorsed by the federal government.  Cigna admits that the value-focused shift is designed to give providers incentives to improve their patients' overall heath and perform more effective services.   Cigna admits that these arrangements may be referred to as "provider collaborations" or "value-based arrangements," and that this shift may be referred to as "volume-to-value."  Cigna admits that it, like other healthcare insurance companies, has been a participant in the volume-to-value movement and that Cigna is regarded by some as an innovative participant in this movement.  Cigna denies the remaining allegations in Paragraph 18.

## IV. THIS MERGER LIKELY WOULD SUBSTANTIALLY LESSEN COMPETITION FOR THE SALE OF HEALTH INSURANCE TO NATIONAL ACCOUNTS

19.     Cigna admits that it competes with Anthem, among many others, in the sale of commercial health insurance to certain purchasers, including some purchasers that Cigna classifies as "national accounts."  Cigna denies that the proposed merger will harm competition. Cigna denies the remaining allegations in Paragraph 19.

### A.     The sale of health insurance to national accounts is a relevant product market.

20.     Paragraph 20 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations in Paragraph 20.

21.     Cigna admits that large clients, including clients Cigna characterizes as "national accounts" and clients Cigna does not characterize as "national accounts," commonly hire consulting firms to assist them in assessing potential healthcare solutions and service providers. Cigna admits that it has a "national accounts" business segment.  Cigna lacks information sufficient to form a belief about the truth of the allegations relating to Anthem.  Cigna denies the remaining allegations in Paragraph 21.

22.     The Horizontal Merger Guidelines speak for themselves.  Cigna denies the remaining allegations in Paragraph 22.

**B.     This merger would harm national accounts in two relevant geographic markets.**

23.     Cigna denies the allegations in Paragraph 23.

**(1)     The 14 Anthem states are a relevant geographic market.**

24.     Cigna admits that it competes with Anthem, among many others, in the sale of commercial health insurance products to certain clients, including clients Cigna characterizes as "national accounts" and that some of these clients may be headquartered in the 14 "Anthem states."  Cigna denies the remaining allegations of the first sentence of Paragraph 24.  The second sentence of Paragraph 24 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations of the second sentence of Paragraph 24.

25.     Cigna denies the allegations in Paragraph 25.

(2)     **The United States is a relevant geographic market.**

26.     The first sentence of Paragraph 26 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations of the first sentence of Paragraph 26.  Cigna admits that it competes throughout the United States and that there are at least 36 states in which Anthem does not have a Blue license.  Cigna denies the remaining allegations in Paragraph 26.

27.     Cigna avers that Anthem has pleaded that:  (a) it cannot market, advertise, or actively sell health insurance under the Blue brand outside of Anthem's 14 service areas; (b) occasionally, when a customer specifically asks to be serviced by Anthem using the Blue brand, and when the local Blue plan which has the exclusive license for the geography in which that customer is headquartered agrees, Anthem may be granted a cede that allows it to bid for the Blue-branded business of that customer; (c) the Association's rules generally permit only one Blue plan to bid on an account—the plan holding the license in the territory where the national account is headquartered and that there are certain geographic areas where there may be more than one Blue licensee; and (d) Anthem has received hundreds of ceded accounts, but "cedes" from Blue plans represent no more than a single-digit share of Anthem's total customer base.  Cigna otherwise lacks information sufficient to form a belief as to the allegations concerning Anthem's practices vis a vis the BCBSA and the workings of the BCBSA's rules.  Cigna denies the remaining allegations in Paragraph 27.

28.     Cigna avers that Anthem has pleaded that:  (a) it receives BlueCard fees when a member of another Blue plan receives medical services from a provider within Anthem's Blue network in Anthem's 14 service areas; and (b) it received $447.4 million in compensation for

-10-

claims processing and other services associated with BlueCard in 2014.  Cigna otherwise lacks information sufficient to form a belief as to the allegations in Paragraph 28.

29.     Cigna denies the allegations in Paragraph 29.

**C.      This merger is presumptively unlawful in both the 14 Anthem states and across the entire United States.**

30.     The Horizontal Merger Guidelines speak for themselves.  Paragraph 30 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations in Paragraph 30.

31.     Cigna lacks information sufficient to form a belief about the truth of the first and second sentences in Paragraph 31.  The third sentence of Paragraph 31 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations in the third sentence in Paragraph 31.

32.     Cigna admits that employers can and do "slice" business with a wide variety of other companies to serve their benefits needs.  Cigna lacks information sufficient to form a belief about the truth of the allegations of the third and fourth sentences in Paragraph 32.  Cigna denies the remaining allegations in Paragraph 32.

**D.      This merger likely would harm national accounts in the Anthem states and throughout the country.**

33.     Cigna denies that the proposed merger will harm competition.  Cigna denies the remaining allegations in Paragraph 33.

34.     Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading

as framed in the Complaint, and therefore denies such allegations.  Cigna lacks sufficient knowledge and information to respond to the allegations in Paragraph 34 relating to what Anthem "feared" or what Anthem "targeted."  Cigna denies the remaining allegations in Paragraph 34.

35.     Cigna lacks information sufficient to form a belief as to the allegations regarding Anthem's internal strategy, views, or quoted business documents.  Cigna denies the remaining allegations in Paragraph 35.

36.     Cigna denies the allegations in Paragraph 36.

37.     Cigna denies the allegations in Paragraph 37.

## V.  THIS MERGER LIKELY WOULD SUBSTANTIALLY LESSEN COMPETITION FOR THE SALE OF HEALTH INSURANCE TO LARGE-GROUP EMPLOYERS

38.     Cigna denies the allegations in Paragraph 38.

**A.     The sale of health insurance to large groups is a relevant product market.**

39.     The first sentence of Paragraph 39 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations of the first sentence of Paragraph 39.  Cigna admits that there are various regulatory requirements applicable to small groups that may not be applicable to larger groups.  Cigna lacks information sufficient to form a belief about the truth of the allegations in Paragraph 39 as they relate to Anthem or other insurers.  Cigna denies the remaining allegations in Paragraph 39.

40.     The first sentence of Paragraph 40 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations of the first sentence of Paragraph 40. Cigna denies the remaining allegations in Paragraph 40.

**B.      This merger would harm large groups in 35 relevant geographic markets.**

41.     Cigna denies the allegations in the first sentence of Paragraph 41.  Cigna lacks information sufficient to form a belief about the truth of the allegations relating to the number of people living in the areas identified in Paragraph 41.  The third sentence of Paragraph 41 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations of the third sentence in Paragraph 41.

42.     Cigna admits that many people seek medical care close to where they live or work over other places.  Cigna lacks information sufficient to form a belief as to the allegations concerning the preferences of unidentified consumers regarding the location of their medical care.  Cigna admits that large group employers may seek to provide access to health care provider networks in the areas where their employees are located.  Cigna denies the remaining allegations in Paragraph 42.

43.     Cigna denies the allegations in Paragraph 43.

**C.      This merger is presumptively unlawful in most of the relevant geographic markets.**

44.     The second and fifth sentences of Paragraph 44 are conclusions of law to which no response is required.  To the extent a response is required, Cigna denies the allegations of the second and fifth sentences of Paragraph 44.  Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered

without context, is misleading as framed in the Complaint, and therefore denies such allegations. Cigna denies the remaining allegations in Paragraph 44.

**D.      This merger likely would harm large-group employers by eliminating competition between Anthem and Cigna.**

45.      Cigna admits that in the 35 "metropolitan areas" identified by Plaintiffs, Anthem competes using its Blue branding and its reimbursement rates.  Cigna admits that some aspects of competition include reimbursement rates, customer service, wellness programs, and provider collaboration programs in certain cases.   Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading as framed in the Complaint, and therefore denies such allegations. Cigna lacks information sufficient to form a belief as to the allegations concerning unidentified large group employers' beliefs because those responses can differ widely among a diverse set of large group employers in different areas and circumstances.   Cigna further admits that it is regarded by several sources as innovative.   Cigna denies the remaining allegations in Paragraph 45.

46.      Cigna lacks information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47.      Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading as framed in the Complaint, and therefore denies such allegations.   Cigna denies the remaining allegations in Paragraph 47.

48.     Cigna lacks information sufficient to form a belief as to the allegations concerning Anthem's internal communications or Anthem's knowledge.  Cigna further admits that it is regarded by several sources as innovative in certain respects, including in its wellness efforts. Cigna denies the remaining allegations in Paragraph 48.

49.     Cigna admits that it continually assesses its product offerings in light of market conditions, including the actions of other health insurance companies, and updates its strategy accordingly.  Cigna admits that Cigna (or its predecessor companies) and others have developed new products for "large-group" employers.  Cigna admits that it offers a "popular 'level funded'" product.   Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading as framed in the Complaint, and therefore denies such allegations.  Cigna lacks information sufficient to form a belief as to the allegations concerning Anthem's internal motivations for developing new products, its internal views of, or survey results regarding, Cigna's "level funded" product, or its views regarding competition in California.  Cigna denies the remaining allegations in Paragraph 49.

50.     Cigna admits that it has focused on investing in value based arrangements and will continue to develop its provider collaboration model. Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading as framed in the Complaint, and therefore denies such allegations.  Cigna denies the remaining allegations in Paragraph 50.

## VI. THIS MERGER LIKELY WOULD SUBSTANTIALLY LESSEN COMPETITION IN THE SALE OF HEALTH INSURANCE ON THE PUBLIC EXCHANGES

51.    Cigna denies that the proposed merger will harm competition.  Cigna admits that, on occasion, it competes against Anthem for the sale of individual health insurance.  Cigna admits that it may expand its participation on public exchanges.  Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading as framed in the Complaint, and therefore denies such allegations.  Cigna denies the remaining allegations in Paragraph 51.

**A.     The sale of health insurance on the public exchanges is a relevant product market.**

52.    The first sentence of Paragraph 52 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations of the first sentence of Paragraph 52.  Cigna admits the allegations of the second and third sentences of Paragraph 52.  Cigna admits that financial assistance is available to some purchasers of insurance through the public exchanges.  Cigna denies the remaining allegations in Paragraph 52.

53.    Cigna lacks sufficient knowledge and information to form a belief as to the allegations of Paragraph 53 relating to Anthem and other insurers.  Cigna denies the remaining allegations in Paragraph 53.

54.    Cigna denies the allegations of the first and second sentences of Paragraph 54.  Cigna admits that publicly available reports have stated that most consumers, nationally, that purchase health insurance on public exchanges qualify for premium subsidies.  Cigna denies the remaining allegations in Paragraph 54.

**B.     This merger would harm individuals and families in 22 relevant geographic markets.**

55.     Cigna denies the first and second sentences of Paragraph 55.  The fourth sentence of Paragraph 55 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations in the fourth sentence in Paragraph 55.  Cigna denies the remaining allegations in Paragraph 55.

**C.     This merger is presumptively unlawful in each of the relevant geographic markets.**

**(1)     Colorado**

56.     Cigna admits that Anthem and Cigna have offered products on the Colorado public exchange.  Cigna lacks information sufficient to form a belief as to the remaining allegations in Paragraph 56.

57.     The first sentence in Paragraph 57 is a conclusion of law to which no response is required.   To the extent a response is required, Cigna denies the allegations in the first sentence of Paragraph 57.  Cigna denies the remaining allegations in Paragraph 57.

**(2)     Missouri**

58.     Cigna admits that Anthem and Cigna have offered products on the Missouri public exchange.  Cigna lacks information sufficient to form a belief as to the remaining allegations in Paragraph 58.

59.     The first sentence in Paragraph 59 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations in the first sentence of Paragraph 59.  Cigna denies the remaining allegations in Paragraph 59.

**D.      This merger would harm individuals and families who buy health insurance on the public exchanges.**

60.      Cigna admits that it competes with other health care companies, including Anthem, for some individuals who purchase health insurance.  Cigna admits that Anthem participates on the public exchanges in the states in which it operates as a Blue licensee.  Cigna admits it focuses on certain markets for the sale of individual insurance.  Cigna lacks information sufficient to form a belief about the truth of the allegations in the fourth sentence in Paragraph 60.  Cigna denies the remaining allegations in Paragraph 60.

61.      Cigna admits that it seeks to innovate in the development of its products and customer service as it competes for individuals who purchase health insurance.  Cigna admits that it has developed provider networks, including in Denver.  Cigna lacks information sufficient to form a belief as to the allegations regarding "Anthem's bargaining leverage."  Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading as framed in the Complaint, and therefore denies such allegations.  Cigna denies the remaining allegations in Paragraph 61.

62.      Cigna admits that it participates in the public exchange in parts of Missouri, and that is considers its experiences in existing public exchanges in considering potential future expansion plans.  Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading as framed in the Complaint, and therefore denies such allegations.  Cigna lacks information sufficient to form a belief as to the allegations concerning Anthem's plans in Missouri.  Cigna denies the remaining allegations in Paragraph 62.

63.     Cigna admits that it intends to continue to participate on public exchanges.  Cigna lacks information sufficient to form a belief as to the allegations concerning Anthem's future actions.  Cigna denies the remaining allegations in Paragraph 63.

## VII. THIS MERGER LIKELY WOULD SUBSTANTIALLY LESSEN COMPETITION FOR THE PURCHASE OF HEALTHCARE SERVICES

64.     Cigna admits that Anthem and Cigna, among others, contract with hospitals, doctors, and other healthcare providers.  Cigna states that these contracts are usually non-exclusive and hospitals, doctors, and other healthcare providers typically contract with numerous health insurers.  Cigna admits that negotiations with providers involve several factors, including the number of patients at issue, reimbursement terms, wellness services, and the potential for greater collaboration.  Cigna denies the remaining allegations in Paragraph 64.

**A.      The purchase of healthcare services by commercial health insurers is a relevant product market.**

65.     Paragraph 65 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations in Paragraph 65.

66.     Cigna admits that it employs staff responsible for provider contracting and relations.  Cigna lacks information sufficient to form a belief about the truth of the allegations in Paragraph 66 regarding Anthem and other insurers.  Cigna denies the remaining allegations in Paragraph 66.

67.     Cigna denies the allegations in the first sentence in Paragraph 67.  Cigna admits that "doctors, hospitals, and other healthcare providers" sell their services "to government programs such as Medicare Advantage, Medicare, or Medicaid."  Cigna further admits that these

"government programs generally reimburse providers at far lower rates than do commercial health insurers."  Cigna denies the remaining allegations in Paragraph 67.

**B.     The relevant geographic markets for identifying harm to competition for the purchase of healthcare services are the same 35 markets in which large groups would be harmed.**

68.     Cigna denies the allegations in the first sentence in Paragraph 68.  Cigna admits that for certain medical services people seek medical care close to where they live or work over other places.  Cigna lacks information sufficient to form a belief as to the allegations concerning the preferences of unidentified consumers regarding the location of their medical care.  Cigna denies the remaining allegations in Paragraph 68.

**C.     This merger is presumptively unlawful in most of the relevant geographic markets.**

69.     Paragraph 69 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations in Paragraph 69.

**D.     This merger would harm doctors, hospitals, and their patients by eliminating competition between Anthem and Cigna.**

70.     Cigna lacks information sufficient to form a belief as to Anthem's purported "leverage" in negotiations with unidentified doctors and hospitals or as to the alleged statements of Anthem's executives about "leverage."   Cigna denies the remaining allegations in Paragraph 70.

71.     Cigna lacks information sufficient to form a belief as to Anthem's purported "leverage" in negotiations with unidentified doctors and hospitals.  Cigna states that the merger will result in lower medical costs to self-insured and fully-insured customers.  Cigna denies the remaining allegations in Paragraph 71.

-20-

72.     Cigna denies the allegations in Paragraph 72.

73.     Cigna lacks information sufficient to form a belief as to allegations regarding Anthem's internal view of medical cost savings.  Cigna denies the remaining allegations in Paragraph 73.

74.     Cigna lacks information sufficient to form a belief as to allegations regarding Anthem's internal views and its incentives to collaborate with providers in "many" unidentified markets.  Cigna also lacks information sufficient to form a belief as to allegations regarding unidentified providers' views of Anthem.  Cigna denies the remaining allegations in Paragraph 74.

75.     Cigna states that Plaintiffs' selective quotation or paraphrasing of incompletely identified written material, testimony, or communications, offered without context, is misleading as framed in the Complaint, and therefore denies such allegations.  Cigna lacks information sufficient to form a belief as to allegations regarding Anthem's internal plans or views.  Cigna denies the remaining allegations in Paragraph 75.

## VIII. ABSENCE OF COUNTERVAILING FACTORS

76.     Cigna denies the allegations in Paragraph 76.

77.     Cigna denies the allegations in Paragraph 77.

## IX. THE DEFENDANTS HAVE NOT PROPOSED A REMEDY THAT WOULD FIX THE MERGER'S ANTICOMPETITIVE EFFECTS

78.     Paragraph 78 is a conclusion of law to which no response is required.  To the extent a response is required, Cigna denies the allegations in Paragraph 78.

## X. VIOLATION ALLEGED

79.     Cigna admits this Court has subject matter jurisdiction over this action.   Cigna denies any violation of Section 7 of the Clayton Act.

80.     Paragraph 80 is a conclusion of law to which no response is required.   To the extent a response is required, Cigna denies the allegations in Paragraph 80.

81.     Cigna admits its activities affect interstate commerce.   Cigna admits that it sells commercial health insurance to employers with employees located in different states, and that insurance may cover enrollees when they travel across state lines.   Cigna further admits that it purchases healthcare services in different states.   Cigna lacks information sufficient to form a belief about the truth of the allegations in Paragraph 81 as they relate to Anthem.   Cigna denies the remaining allegations in Paragraph 81.

82.     Paragraph 82 is a conclusion of law to which no response is required.   To the extent that a response is required, Cigna admits that this Court has personal jurisdiction over Cigna for this action.

83.     Paragraph 83 is a conclusion of law to which no response is required.   To the extent that a response is required, Cigna admits venue is proper as to Cigna for this action.

84.     Paragraph 84 is a conclusion of law to which no response is required.   To the extent that a response is required, Cigna denies the allegations in Paragraph 84.

85.     Cigna denies the allegations in Paragraph 85.

## XI. REQUEST FOR RELIEF

86.     Cigna denies that any of the requested relief is permitted or appropriate, and requests that Cigna be awarded the costs incurred in defending this action, and any and all other relief as the Court may deem just and proper.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Cigna hereby incorporates by reference each of the seven affirmative defenses identified in Anthem, Inc.'s Answer at pages 17 and 18, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.  Cigna reserves the right to assert any other defenses as they become known to Cigna.

* * *

WHEREFORE, Defendant Cigna Corporation respectfully requests that this Court deny the Plaintiffs' requested relief, dismiss this action with prejudice, and grant such other and further relief as may be proper and just.

Date:     September 19, 2016                    Respectfully Submitted,


By:    /s/ Charles F. Rule
       Charles F. Rule (D.C. Bar No. 370818)
       Andrew J. Forman (D.C. Bar No. 477425)
       Daniel J. Howley (D.C. Bar No. 983664)
       PAUL, WEISS, RIFKIND, WHARTON &
       GARRISON LLP
       2001 K Street, NW
       Washington, DC 20006
       T: (202) 223-7300
       F: (202) 223-7420
       rrule@paulweiss.com
       aforman@paulweiss.com
       dhowley@paulweiss.com

       *Counsel for Cigna Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 19, 2016, a true and correct copy

of the foregoing was served on all counsel of record via the Court's CM/ECF system.


Date:     September 19, 2016                    Respectfully Submitted,


                                   By:     /s/ Charles F. Rule
                                          Charles F. Rule (D.C. Bar No. 370818)
                                          Andrew J. Forman (D.C. Bar No. 477425)
                                          Daniel J. Howley (D.C. Bar No. 983664)
                                          PAUL, WEISS, RIFKIND, WHARTON &
                                          GARRISON LLP
                                          2001 K Street, NW
                                          Washington, DC 20006
                                          T: (202) 223-7300
                                          F: (202) 223-7420
                                          rrule@paulweiss.com
                                          aforman@paulweiss.com
                                          dhowley@paulweiss.com

                                          *Counsel for Cigna Corporation*