UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ANTHEM, INC. and CIGNA CORP.,<br><br>*Defendants*. | Case No. 1:16-cv-01493 (ABJ)<br><br>(Public, Redacted Version) |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS'
DECLARATIONS AND TESTIMONY FROM DEFENDANTS'
EXPERT WITNESSES RELYING UPON THOSE DECLARATIONS**

Anthem's proposed acquisition of Cigna threatens competition in markets throughout the country. To assess this harm, the testimony of third parties in this case—employers, brokers, consultants, and healthcare providers—is important. Thus, Plaintiffs have listed 14 third parties as possible live witnesses for trial, *see* Ex. A, and designated additional deposition testimony from third parties concerned about the merger. The Defendants are taking a different approach. Although this is their industry, they propose to call at most four third parties as trial witnesses, *see* Ex. B, and rely primarily on the testimony of their own executives, experts, and a paid efficiencies consultant. In lieu of calling more witnesses live or taking their depositions, where they would be subject to cross examination, Defendants have included 43 third-party declarations on their exhibit list. (Ex. C). Three defense experts—Dr. Lona Fowdur, Dr. Robert D. Willig, and Mark Stern—rely upon some of these declarations in their expert reports.

Plaintiffs seek to exclude 42 of these declarations from evidence and preclude testimony from any defense expert relying upon them. (The remaining declaration, from Senator Benjamin

Nelson, is the subject of a separate motion.) Declarations are inadmissible hearsay, and many of these declarations are particularly unreliable: four have been withdrawn, yet remain on Defendants' exhibit list; many contain general, conclusory statements based on nothing more than speculation; and in at least one instance, attorneys for Anthem changed the meaning of a sentence without the declarant's knowledge or consent. Given the problems with Defendants' declarations and the manner in which they were obtained, the declarations should be excluded as evidence.

## ARGUMENT

**I.     Defendants' declarations are inadmissible hearsay.**

Out-of-court written statements offered to prove the truth of the matter asserted constitute hearsay. Fed. R. Evid. 801. Unless covered by an exception to the hearsay rule, Fed. R. Evid. 803, or the residual exception, Fed. R. Evid. 807, such statements are inadmissible. Fed. R. Evid. 802. Defendants' declarations fall squarely within the definition of hearsay: they are out-of-court, written statements offered to prove the truth of the matters asserted.

The declarations also fail to satisfy the hearsay exceptions in the Federal Rules of Evidence. The declarations are not business records because they were obtained in anticipation of litigation, not as part of a regularly conducted business activity. *See Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 72 F. Supp. 3d 131, 136 n.3 (D.D.C. 2014) ("[R]ecords created in anticipation of litigation do not fall within the business records exception"); Fed. R. Evid. 803(6). The declarations also do not meet the "residual exception" under FRE 807. Under that exception, hearsay is admissible if, among other requirements, it has "equivalent circumstantial guarantees of trustworthiness" and is "more probative on the point for which it is offered than

any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807.[1]

Here, for various reasons, these declarations are particularly untrustworthy.

First, four of them—the declarations of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—have been withdrawn by the declarants themselves or by their employer.[2] Defendants nonetheless listed these declarations on their exhibit list.[3] If these declarations are

---

[1] To meet this exception, Defendants "must demonstrate that the out-of-court declarant is unavailable and that the proponent has made 'reasonable efforts' to obtain the presence of the declarant or his testimony for trial." *Partido Revolucionario Dominicano (PRD) Seccional Metropolitana de Washington-DC, Maryland y Virginia v. Partido Revolucionario Dominicano, Seccional de Maryland y Virginia*, 311 F. Supp. 2d 14, 19 (D.D.C. 2004) (citing *United States v. Hsia*, 87 F. Supp.2d 10, 16 (D.D.C. 2000). Given that both parties have nationwide service of trial subpoenas for this case (Dkt. #91 at 14), Defendants cannot meet this requirement.

[2] *See* Ex. D (e-mail and letter from ▮▮▮▮▮, senior vice president, secretary and general counsel, ▮▮▮ Corp., to Kohsei Ugumori, trial attorney, U.S. Dep't of Justice (Oct. 7, 2016); e-mail from ▮▮▮▮▮, vice president and general counsel, ▮▮▮▮▮, to Melanie Krebs-Pilotti, trial attorney, U.S. Dep't of Justice, (Oct. 6, 2016) (attaching the declaration of Chief Financial Officer ▮▮▮▮▮); e-mail from ▮▮▮▮▮, vice president, general counsel and corporate secretary, ▮▮▮▮▮, to Melanie Krebs-Pilotti (Oct. 10, 2016); e-mail from ▮▮▮, vice president and associate general counsel, ▮▮▮▮▮, to Melanie Krebs-Pilotti (Oct. 7, 2016)).

[3] Seven other declarations obtained by Defendants have been withdrawn or repudiated and are not listed among Defendants' exhibits. *See* Ex. E (e-mail from Thomas Kirsch, Winston & Strawn, on behalf of ▮▮▮▮▮, vice president of compensation and benefits, ▮▮▮▮▮, to Melanie Krebs-Pilotti, trial attorney, U.S. Dep't of Justice (Oct. 12, 2016); e-mail from ▮▮▮▮▮, paralegal, ▮▮▮▮▮., to Kohsei Ugumori, trial attorney, U.S. Dep't of Justice (Oct. 6, 2016) (attaching the withdrawal letter for the declaration of ▮▮▮▮▮, benefits director); e-mail from ▮▮▮▮▮, general counsel, ▮▮▮▮▮, to Kohsei Ugumori (Oct. 13, 2016); e-mail from Erica Deutsch, Bush Gottlieb, to Henry Hauser, trial attorney, U.S. Dep't of Justice (Sept. 30, 2016) (attaching the withdrawal letter for the declaration of ▮▮▮▮▮, chief administrative officer of ▮▮▮▮▮); e-mail from R. Brendan Fee, Morgan Lewis, to Melanie Krebs-Pilotti (Oct. 11, 2016) (attaching the withdrawal letter for the declaration of ▮▮▮ director of health and welfare plans, ▮▮▮▮▮); e-mail from Kenneth W. Field, Jones Day, to Sarah Oldfield, trial attorney, U.S. Dep't of Justice (Oct. 17, 2016) (attaching the withdrawal letter for the declaration of ▮▮▮▮▮, vice president of system compensation and benefits for ▮▮▮▮▮); e-mail from ▮▮▮▮▮, chief legal officer, ▮▮▮▮▮, to Henry Hauser (Oct. 11, 2016) (attaching the supplemental declaration of ▮▮▮▮▮, chief executive officer and founder of ▮▮▮▮▮)).

not excluded, Plaintiffs request an opportunity to supplement their exhibit list with the evidence that the declarations have been withdrawn.

Second, many of these declarations are formulaic and consist largely of unfounded speculation. Nine of them contain identical or near identical conjectures about the merger's effects and post-merger competition among insurers.[4] For example, each of these declarants "expect[s] the merger to lead to better pricing" and believes that his or her employer "can easily replace Anthem with other health-insurance companies (besides Cigna) that offer the same health-insurance products of the same quality and price."[5] Seven other declarations share similarly speculative assertions.[6]

Given the expedited discovery schedule in this case, Plaintiffs were unable to depose all of the persons who signed declarations for Defendants. But some who were deposed testified to the speculative nature of their written statements. For example, ▮▮▮▮▮▮▮▮, a vice president for ▮▮▮▮, testified in her deposition as follows:

> Q: So when you say the merger will complement Anthem's health plans with Cigna's strong care management programs, that's really your—your speculation about what Anthem's plans are for Cigna's care management programs, correct?
>
> A: That's correct.

▮▮▮▮ dep. at 23:11–17. And ▮▮▮▮▮▮▮▮, a vice president at ▮▮▮▮▮▮▮▮, testified similarly:

> Q: And so it's based on your assumptions and it's correct that you're speculating in everything you say in here, correct?
>
> Mr. Leddicotte: Objection as to form.
>
> A: Correct.

---

[4] *See* DX0179; DX0181; DX0182; DX0183; DX0184; DX0187; DX0190; DX0191; DX0192.
[5] *Id.*
[6] *See* DX0180; DX0185; DX0188; DX0189; DX0193; DX0194; DX0195.

> Q: You're speculating about things that may or may not happen if Anthem acquires Cigna, correct?
>
> Mr. Leddicotte: Objection as to form.
>
> A: Correct.
>
> Q: Because you really don't know what Anthem's going to do if they acquire Cigna, right?
>
> A: Correct.
>
> Mr. Leddicotte: Objection as to form.

▓ dep. at 72:1–15.[7]

Remarkably, during depositions of these declarants, Anthem's own counsel objected, on grounds of speculation, to questions parroting the declarations' cookie-cutter assertions. For example, multiple declarants claimed they could switch to another insurer if the combined Anthem–Cigna company raised prices.[8] But when Plaintiffs' counsel asked a declarant if he would switch insurers in response to a price increase, Anthem objected on speculation grounds.[9] Anthem also objected to Plaintiffs' questions about the merger's impact on competition,[10] even though several declarations predict there will be sufficient competition post-merger.[11]

Finally, Plaintiffs uncovered one instance in which Anthem's counsel changed the meaning of a sentence in a declaration without the declarant's knowledge or consent. ▓ ▓ asked Anthem to make multiple revisions before she would sign a declaration,

---

[7] ▓'s declaration is not listed among Defendants' exhibits.

[8] See DX0179; DX0181; DX0182; DX0183; DX0184; DX0187; DX0188; DX0190; DX0191; DX0192.

[9] ▓ dep. at 32:9–14 ("Q: So if all else being equal, if Anthem raised the ASO fees by, let's say, five percent, would you switch insurers at that point? Ms. Mims: Objection, calls for speculation. A: I don't know. I don't know.").

[10] See, e.g., ▓ dep. at 41:14–19 ("Q: Do you know how a merger of Anthem and Cigna might change the competitive dynamics in the industry? Mr. Leddicotte: Objection as to form. A: No. Mr. Leddicotte: Calls for speculation.").

[11] See DX0179; DX0181; DX0182; DX0183; DX0184; DX0187; DX0188; DX0190; DX0191; DX0192.

including replacing the word "secure" with "benchmark" in a sentence about the consulting firm ███.[12] Anthem agreed to ███'s revisions, but substituted the word "obtain" for "benchmark," which materially changed the meaning of the sentence from what ███ intended.[13] ███ signed the declaration without knowing that Anthem had altered it and remained unaware of Anthem's alteration until she was deposed.[14]

Plaintiffs are not alone in their concerns with these declarations. ███

███[15]

## II. Defendants' expert witnesses should be precluded from offering testimony based on these declarations.

Three of Anthem's five expert witnesses—Dr. Lona Fowdur, Dr. Robert D. Willig, and Mark Stern—cite to third-party declarations in their expert and supplemental and rebuttal reports. Experts can rely upon inadmissible evidence, but only if it would be reasonably relied upon by

---

[12] ███ dep. at 16:15–17:10, 44:10–45:19.

[13] ███ dep. at 20:18–21:18, 44:10–47:14 ("Q: Do you have any reason to think that anyone other than Anthem's counsel inserted that word "obtain"? A: I don't think so. . . . Q: What does the word "obtain" mean to you in that context? A: It means to get, similar to secure. Q: So that has a different meaning than the word "benchmark," which was the change you asked for, right? A: I believe so, yes. Q: So inserting the word "obtain" there changes the meaning of that sentence from the meaning you intended it to say when you revised the first draft, correct? A: I believe so, yes.").

[14] *Id.* at 46:11–20.

[15] PX0033.

other experts in the field. Fed. R. Evid. 703. Reasonable reliance, in turn, "requires that the facts be sufficiently trustworthy for the reliance to be reasonable." Michael H. Graham, 5 Handbook of Fed. Evid. § 703:1 (7th ed.). Because Defendants' declarations are unreliable, their experts should be precluded from offering opinion testimony based on those declarations.

## CONCLUSION

Plaintiffs request that the Court exclude Defendants' declarations and testimony from Defendants' expert witnesses relying upon those declarations.

Dated: November 9, 2016                                          Respectfully submitted,

                                                                                         /s/ Jon B. Jacobs

Paula Lauren Gibson                                       Jon B. Jacobs (D.C. Bar No. 412249)
Deputy Attorney General                                 Scott I. Fitzgerald
Office of the Attorney General of California    Aaron Comenetz (D.C. Bar No. 479572)
300 S Spring Street                                         U.S. Department of Justice
Suite 1702                                                       Antitrust Division, Litigation I Section
Los Angeles, CA 90013                                  450 Fifth Street, NW, Suite 4100
Phone: (213) 897-0014                                   Washington, DC 20530
Facsimile: (213) 897-2801                              Phone: (202) 598-8916
E-mail: Paula.Gibson@doj.ca.gov                 Facsimile: (202) 307-5802
                                                                        E-mail: jon.jacobs@usdoj.gov

*Attorney for the State of California*

                                                                        *Attorneys for United States of America*


Rachel O. Davis
Assistant Attorney General
Office of the Attorney General of Connecticut
55 Elm Street
PO Box 120
Hartford, CT 06106
Phone: (860) 808-5041
Facsimile: (860) 808-5033
E-mail: rachel.davis@ct.gov

*Attorney for the State of Connecticut*

## CERTIFICATE OF SERVICE

I certify that on November 9, 2016, I caused a copy of the foregoing to be served upon all parties of record via the Court's CM/ECF system.

Dated: November 9, 2016         /s/ *Jon B. Jacobs*
                                Jon B. Jacobs (D.D.C. Bar #412249)
                                U.S. Department of Justice
                                Antitrust Division, Litigation I Section
                                450 Fifth Street, NW, Suite 4100
                                Washington, DC 20530
                                Telephone: (202) 598-8916
                                Facsimile: (202) 307-5802
                                E-mail: jon.jacobs@usdoj.gov

                                *Attorney for United States of America*