# Exhibit E

*United States, et al. v. Anthem, Inc. and Cigna Corp.*

Case No. 1:16-cv-01493 (ABJ)

| | |
|---|---|
| **From:** | Kirsch, Thomas L. <TKirsch@winston.com> |
| **Sent:** | Wednesday, October 12, 2016 5:22 PM |
| **To:** | Krebs-Pilotti, Melanie <Melanie.Krebs-Pilotti@ATR.USDOJ.gov> |
| **Subject:** | ███████████ |
| **Attach:** | Cigna Merger Document.pdf |

Hi Melanie:

I am following up on our call today. ███████████ will withdraw her declaration (attached). Please let me know if the deposition will proceed on the 18th. Thanks.

Tom

**Thomas Kirsch**
Winston & Strawn LLP
D: +1 (312) 558-3220
M: +1 (312) 375-0798
winston.com

WINSTON
&STRAWN
LLP

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

## DECLARATION OF ███████████

I am ███████████ and I am Vice President, Compensation & Benefits at ███████████ I am based in ███████████ is an Anthem customer.

I support the proposed Anthem-Cigna merger. My statement is based on my personal knowledge and experience.

I support the Anthem/Cigna merger because:

- I believe that the combined Anthem/Cigna company will be able to offer more health care product choice than Anthem or Cigna alone could provide today.

- I expect the merger to lead to better pricing. For example, the combined Anthem/Cigna company can take advantage of the better of Anthem's or Cigna's discounts for its customers, including my company.

- I am not concerned about the merger causing prices to go up. If the combined Anthem/Cigna company raised its prices after the merger, we would be able to switch to another health insurer and receive comparable high quality insurance at competitive prices.

- I do not see the merger as limiting the options for health insurance, and I am not concerned about having my choice of health care options after the merger. There are many health insurers that offer competitive options in terms of products, provider networks, and price, among other things. I believe there will continue to be a variety of choices and competitive options after the Anthem-Cigna merger is completed.

- I also believe that my company can easily replace Anthem with other health-insurance companies (besides Cigna) that offer the same health-insurance products of the same quality and price.

Executed on June 21, 2016

███████████████████████████████

DOJ-EMAIL-00085930



DOJ-EMAIL-00085934



DOJ-EMAIL-00085935

| | |
|---|---|
| **From:** | ██████████████████████████ |
| **Sent:** | Thursday, October 13, 2016 2:50 PM |
| **To:** | Ugumori, Kohsei (CIV) <KUgumori@civ.usdoj.gov> |
| **Cc:** | Comenetz, Aaron <Aaron.Comenetz@ATR.USDOJ.gov>  ████████████ |
| **Subject:** | Re: Subpoena to testify at deposition: ██████████ |

Dear Mr. Ugumori:

I write you on behalf of ████████████ in relation to the above-referenced matter.

At the time of signing the declaration, ████████████ was not authorized to sign the declaration as a representative of ████████ Further, ████████ did not appreciate the legal significance of the statements contained in the declaration. As a witness, she is not qualified to render such statements and/or opinions on behalf of ████████

Both ████████████████ hereby request to  withdraw the declaration submitted on behalf of ████████████████ signature.

I further request that the Department of Justice withdraw the subpoena issued for the purpose of taking her deposition.

Thank you

████████████████

Sent from my iPhone

On Oct 6, 2016, at 2:38 PM, Ugumori, Kohsei CIV) l.Ugumori@usdoj.gov> wrote:

IDear ████████

Thank you for agreeing to service by email.  Attached please find the subpoena.  If you have any questions, please don't hesitate to contact me.

Sincerely,
Kohsei


Kohsei Ugumori
Attorney
U.S. Department of Justice
450 5th Street, N.W.
Washington, D.C. 20001
Tel: 202.532.4600
E-mail: kohsei.ugumori@usdoj.gov

| | |
|---|---|
| **From:** | Erica Deutsch <edeutsch@bushgottlieb.com> |
| **Sent:** | Friday, September 30, 2016 5:11 PM |
| **To:** | Hauser, Henry <Henry.Hauser@ATR.USDOJ.GOV> |
| **Subject:** | Rescindment of declaration.pdf |
| **Attach:** | Rescindment of declaration.pdf; ATT00001.txt |

Dear Mr. Hauser,
Please see attached. I will call you later to discuss.

DOJ-EMAIL-00086103



September 30, 2016

Eric Brandon,  Account Executive
Labor & Trust I Anthem Blue Cross of California
11030 White Rock Road
Rancho Cordova, CA 95670

Dear Mr. Brandon:

This letter serves to inform you that I am withdrawing the declaration I provided to Charles Moore dated June 24, 2016.  That document does not reflect the position of the █████████████ or its Board of Trustees, and I was not authorized by the ███████████ s Board of Trustees to provide the statement or to speak on behalf of the ████ or the Board.  The Board of Trustees was not aware that I submitted the declaration, had not reviewed the declaration, and in fact, had no knowledge of it prior to September 27, 2016.I am also requesting that you or your counsel remove my name from the witness list in the case of *United States, et al. v. Anthem, Inc. and Cigna Corp.*, No. 1:16-cv-01493, as I have not been authorized by the ████ or the Board to speak in any representative capacity concerning the matters in the declaration or the case.  Your prompt attention to this matter is appreciated.

Respectfully yours,



cc: Charles C. Moore, White and Case LLP
    Erica Deutsch, Bush Gottlieb, ████ Counsel
    Peter Dickinson, Bush Gottlieb ████ Counsel
    Mario Martinez, Martinez Aguisolocho and Lynch, ████ Counsel

| | |
|---|---|
| **From:** | Fee, R. Brendan <brendan.fee@morganlewis.com> |
| **Sent:** | Tuesday, October 11, 2016 5:20 PM |
| **To:** | Krebs-Pilotti, Melanie <Melanie.Krebs-Pilotti@ATR.USDOJ.gov> |
| **Subject:** | RE: Anthem/Cigna: ██████████████ |
| **Attach:** | Letter to MKP at DOJ.pdf |

Melanie:  Per our conversation, please see the attached correspondence.

**R. Brendan Fee**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5136 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
brendan.fee@morganlewis.com | www.morganlewis.com
Assistant: Diane M. Williames | +1.215.963.4898 | diane.williames@morganlewis.com

**From:** Krebs-Pilotti, Melanie [mailto:Melanie.Krebs-Pilotti@usdoj.gov]
**Sent:** Tuesday, October 11, 2016 10:51 AM
**To:** Fee, R. Brendan
**Subject:** RE: Anthem/Cigna: Deposition of ███████

Hi Brendan,

I should be in my office today after 4:00 pm EDT.   If you call and I do not pick up, leave a message and I will call you back shortly.

Regards,


Melanie Krebs-Pilotti
U.S. Department of Justice
Antitrust Division
(202) 307-0662
melanie.krebs-pilotti@usdoj.gov



**From:** Fee, R. Brendan [mailto:brendan.fee@morganlewis.com]
**Sent:** Tuesday, October 11, 2016 8:15 AM
**To:** Krebs-Pilotti, Melanie
**Subject:** Anthem/Cigna: Deposition of ███████

Dear Melanie,

Thank you for taking the time to speak with me yesterday.  As I mentioned, ████████ and I are not available on October 19 for deposition, but would be available on either October 25 or 26.  Before we attempt to lock a date in, however, I would like to speak with you very briefly about one of the issues we discussed yesterday, which may help us avoid a trip to Cincinnati.  I am in a meeting until 3:00 pm, but please let me know if you have a few minutes to speak later in the day.  Thanks very much.

Brendan

**R. Brendan Fee**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5136 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
brendan.fee@morganlewis.com | www.morganlewis.com
Assistant: Diane M. Williames | +1.215.963.4898 | diane.williames@morganlewis.com

DISCLAIMER

This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

DOJ-EMAIL-00086000

# Morgan Lewis

**R. Brendan Fee**
Partner
+1.215.963.5136
brendan.fee@morganlewis.com

October 11, 2016

**VIA E-MAIL**

Melanie Krebs-Pilotti, Esq.
U.S. Department of Justice Antitrust Division
450 Fifth Street NW, Suite 4100
Washington, DC 20530
melanie.krebs-pilotti@usdoj.gov

Re:     United States, et al. v. Anthem, Inc. and Cigna Corp., No. 1:16-cv-01493

Dear Melanie:

As you know, I represent Ms. ███████ in connection with the deposition subpoena served on her by DOJ in the above-referenced matter on October 6, 2016.  Please be advised that ███████ is withdrawing her declaration executed in this case on June 17, 2016.  I would appreciate your confirmation that, in light of ███████ withdrawal of her declaration, the subpoena issued to her is withdrawn and that the parties do not intend to take her deposition.

Thank you in advance for your courtesy.

Sincerely,

R. Brendan Fee

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921
United States           ☏ +1.215.963.5000
                        🖷 +1.215.963.5001

| | |
|---|---|
| **From:** | Kenneth W Field <kfield@jonesday.com> |
| **Sent:** | Monday, October 17, 2016 11:09 AM |
| **To:** | Oldfield, Sarah (ATR) <Sarah.Oldfield@ATR.USDOJ.gov> |
| **Subject:** | United States. et al. v. Anthem, Inc. and Cigna Corp. |
| **Attach:** | OLDFIELD_10.14.16.PDF |

Dear Ms. Oldfield,
Please see the attached correspondence.

Thank you,

Ken Field
Partner
**JONES DAY® - One Firm Worldwide**<sup>SM</sup>
51 Louisiana Avenue, NW
Washington DC 20001-2113

Office +1.202.879.3963
kfield@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113
TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number:  (202) 879-3963
kfield@jonesday.com

October 14, 2016

VIA EMAIL

Sarah Oldfield, Esq.
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4100
Washington, DC 20001
(202) 305-8915

Re:   Declaration of ███████████ — *United States, et al. v. Anthem, Inc. and
Cigna Corp.*, No. 1:16-cv-01493

Dear Sarah:

On behalf of ████████████████████████████, I write to clarify the
statements made by ██████████████
Compensation and Benefits—in his June 20th, 2016, declaration provided to defendants in the
above-referenced case ("███████ Declaration"). ███████ did not authorize the ████████
Declaration.  In fact, it had no knowledge of the ████████████ Declaration until after its execution
and submission to defendants.  ████████████ does not support the statements contained in the
████████ declaration, and it has no opinion about the impact of Anthem's proposed acquisition
of Cigna (the "Acquisition") on competition for health insurance or consumers.

The statements in the ████████ Declaration about health insurance competition
(paragraphs 10 and 12), the competitive impact of the Acquisition (paragraph 11), and the
Acquisition's benefits to the public (paragraphs 2, 13, and 14) do not reflect the opinions or
positions of ████████  In paragraph 10, for example, Mr. ████████ states that "[f]rom a
consumer standpoint, the health insurance industry is very competitive in the areas where we
operate." ████████ has not investigated the competitive dynamics of the insurance industry in the
areas in which it operates and therefore has no facts to support (or deny) Mr. ████████
statements in paragraphs 10 and 12. Similarly, ████████ has no factual basis to support Mr.
████████'s conjecture in paragraph 11 about the merged-entity's inability to raise prices.
Indeed, ████████ has undertaken no analysis to investigate what impact, if any, the Acquisition
would have on prices.  And Mr. ████████'s statement about ████████'s ability to
switch to other insurance carriers in the event of a post-Acquisition price increase is mere
speculation because ████████████ has not encountered or analyzed this scenario. ████████████
████████ also lacks sufficient facts to assess the Acquisition's benefits to the public, and it has

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

DOJ-EMAIL-00086142

**JONES DAY**

Sara Oldfield, Esq.
October 14, 2016
Page 2

undertaken no efforts to investigate the validity of Mr. ██████████'s statements regarding the Acquisition's purported benefits—e.g., paragraphs 2, 13 and 14.

Based on the above clarifications of ████████ Declaration, we believe that testimony from Mr. ██████████ is unnecessary because his statements are, at best, solely his personal opinions, which would be inadmissible evidence under Fed. R. Evid. 701. We therefore request that DOJ withdraw the September 15, 2016, subpoena *ad testificandum* issued to Mr. ██████████.

Very truly yours,

Kenneth W. Field



DOJ-EMAIL-00086129



DOJ-EMAIL-00086130