## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, et al., | |
| *Plaintiffs*, | |
| v. | Case No. 1:16-cv-01493 (ABJ) |
| ANTHEM, INC. and CIGNA CORP., | |
| *Defendants*. | |

## NOTICE OF PLAINTIFFS' POSITION ON UNSEALING
## TRIAL TESTIMONY AND RELATED DOCUMENTS

Plaintiffs recognize a vital public interest in open judicial proceedings.  In our experience, public access to court proceedings and records provides a necessary measure of accountability for courts and enhances public confidence in the administration of justice.  The importance of transparency is heightened in a case of great public interest such as this one, where Plaintiffs are seeking to enjoin a merger that threatens harm to millions of American consumers.  Therefore, Plaintiffs recommend that the Court unseal all testimony and party documents that have been shielded from public disclosure, with the possible exception of lines 445:25–448:15 and 453:12–25 and any confidential financial terms in exhibits or disclosed during testimony.  The balance of the sealed transcript discusses topics that would not cause injury to Defendants if disclosed.

## ARGUMENT

**I.      There is a vital public interest in open judicial proceedings.**

This Court has found that "the First Amendment 'guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling

reasons why it cannot be observed.'"  *United States v. Stevens*, No. 08-231-EGS, 2008 WL

8743218, at *7 (D.D.C. Dec. 19, 2008) (quoting *Washington Post v. Robinson*, 935 F.2d 282,

287 (D.C. Cir. 1991)).  "Access to records serves the important functions of ensuring the

integrity of judicial proceedings in particular and of the law enforcement process more

generally."  *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980).  As the Supreme

Court has noted, "historically both civil and criminal trials have been presumptively open."

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980).  "[T]he presumption of

openness may be overcome only by an overriding interest based on findings that closure is

essential to preserve higher values and is narrowly tailored to serve that interest."  *In re Special

Proceedings*, 825 F. Supp. 2d 203, 209 (D.D.C. 2011) (quoting *Press-Enterprise Co. v. Superior

Court*, 464 U.S. 501, 510 (1984)).

Courts have recognized that highly confidential business information can, under certain

circumstances, overcome both the common law and First Amendment presumptions of public

access to judicial documents.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)

(recognizing that courts may refuse to permit their files to be used "as [a] source [ ] of business

information that might harm a litigant's competitive standing"); *see also In re Nat. Broadcasting

Co., Inc.*, 653 F.2d 609, 613 (D.C. Cir. 1981) (noting limited exceptions to "time-honored"

tradition of "right to inspect and copy judicial records" to protect trade secrets, privacy of victims

of crimes, national security, and unfair trial due to publicity).  In such circumstances, the moving

party must show that disclosure would work a "clearly defined and very serious injury" to its

business interests.  *New York v. Microsoft*, 2002 WL 649385 (D.D.C. Mar. 28, 2002).

The United States recognizes that, in a few circumstances, limiting public access,

including closing the courtroom, might be justified.  For example, access to trade secrets,

confidential research, or competitively sensitive information, including current pricing

information, should be limited.  This type of information is largely not at issue in this case.

## II.     The courtroom should not be closed to protect information regarding business disputes between Anthem and Cigna.

The majority of the sealed transcript relates to business disputes between Anthem and

Cigna surrounding the merger.  The contents of that testimony, if disclosed, do not rise to the

level of a "very serious injury" as required by the case law.  *New York v. Microsoft*, 2002 WL

649385 (D.D.C. Mar. 28, 2002).  Indeed, the public is already very much aware of the

contentious nature of the relationship between Anthem and Cigna.  See, e.g., *Anthem, Cigna*

*Have Accused Each Other of Merger Breach*, Washington Post, September 21, 2016, *available*

*at* http://www.wsj.com/articles/anthem-cigna-have-accused-each-other-of-merger-breach-filing-

claims-1474485225.  The testimony currently sealed would not, if disclosed, reveal any

confidential trade secrets or forward-looking business planning information.  As such, other than

the lines identified above—which relate to more traditional competitively sensitive

information—the transcript and related party documents should be unsealed.

Dated: November 27, 2016

Respectfully submitted,

_/s/ Jon B. Jacobs_

| | |
|---|---|
| Paula Lauren Gibson | Jon B. Jacobs (D.C. Bar No. 412249) |
| Deputy Attorney General | Scott I. Fitzgerald |
| Office of the Attorney General of California | Ryan Struve (D.C. Bar No. 495406) |
| 300 S Spring Street | U.S. Department of Justice |
| Suite 1702 | Antitrust Division, Litigation I Section |
| Los Angeles, CA 90013 | 450 Fifth Street, NW, Suite 4100 |
| Phone: (213) 897-0014 | Washington, DC 20530 |
| Facsimile: (213) 897-2801 | Phone: (202) 598-8916 |
| E-mail: Paula.Gibson@doj.ca.gov | Facsimile: (202) 307-5802 |
| | E-mail: jon.jacobs@usdoj.gov |

*Attorney for the State of California*

*Attorneys for United States of America*

Rachel O. Davis
Assistant Attorney General
Office of the Attorney General of Connecticut
55 Elm Street
PO Box 120
Hartford, CT 06106
Phone: (860) 808-5041
Facsimile: (860) 808-5033
E-mail: rachel.davis@ct.gov

*Attorney for the State of Connecticut*

## CERTIFICATE OF SERVICE

I certify that on November 27, 2016, I served the foregoing upon all counsel of record via the Court's CM/ECF system.


Dated: November 27, 2016

*/s/ Ryan Struve*
Ryan Struve
U.S. Department of Justice
Antitrust Division, Networks and
Technology Enforcement Section
450 Fifth Street, NW, Suite 7100
Washington, DC 20530
Phone: (202) 514-4890
Facsimile: (202) 616-8544
E-mail: ryan.struve@usdoj.gov

*Attorney for United States of America*